NATHANIEL McLAIN *et al.*

*v.*

MARY ISABEL VANWINKLE *et al.*

1. PARTITION—*an order of sale, when allowable.* In a suit for partition, an order of sale cannot be made until a decree for partition shall first be entered of record, and the preliminary steps provided by the statute taken under such decree, and the commissioners shall report that partition cannot be made without prejudice to the owners; whereupon the court can order a sale of the property and division of the proceeds equitably among the several claimants—prescribing such terms and conditions of sale as in the opinion of the court are best suited to the circumstances of the case.

2. Judges minutes—*and herein of the effect upon a sale by a subsequent entry of a decree therefor.* A sale made in a proceeding for partition, simply upon the minutes of the Judge, would not be authorized—nor would the sale be aided by a subsequent entry of a decree upon record.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

The facts are fully stated in the opinion of the Court.

Mr. Wm. H. Underwood, for the appellants.

Mr. Gustavus Koerner for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears 'from the record in this case, that Nathaniel McLain filed a supplemental petition to the March term, 1864, of the St. Clair Circuit Court, as the next friend of his children, and against Mary Isabel VanWinkle, and other heirs of Miles VanWinkle, deceased. It recites the previous filing of a petition to the March term, 1860, of the court, to have the dower of Mrs. Rebecca Clark, who was the widow of Miles VanWinkle, allotted and assigned to her in the land of which he died seized, and to have these lands partitioned among the heirs of Miles VanWinkle. That at the March term, 1860, it was determined by the court that the widow was dowable in the lands, but that her dower could not be allotted, nor could the lands be partitioned without manifest prejudice to the owners, and that the same should be sold. That the case had been ordered to be stricken from the docket, but was continued from term to term.

It is also alleged, that the commissioner first appointed having died, Baker was appointed to make sale of the land but declined, because he regarded the proceeding irregular, where-

upon leave was given to file a supplemental bill. That at the October term, 1861, the yearly value of the widow's dower was found to be eighty dollars, which was decreed to be paid to her in installments semi-annually, and that it should be a lien on the land to secure its payment. The bill prayed, that the former suit be reinstated on the docket; that on a final hearing there be a partition of the lands according to the respective rights of the parties and for a sale of the lands subject to the dower of Rebecca Clark, if it should appear that the land was not susceptible of a division without prejudice to the owners; for the appointment of commissioners to make partition, and for other and further relief.

A guardian *ad litem* was appointed, and answered for the minor defendants at the November term, 1866, of the court. There is copied into the records the entry of the minutes of the judge on his docket. They are: " On the second Saturday, bill taken as confessed as to adults. Referred to the master for proof. Fourth Tuesday, report of master heard and approved, and sale ordered by master on usual terms." The clerk states in the transcript that, " No order or decree of sale whatever has been entered of record in said case." The master's report referred to in the judge's minutes does not appear in the transcript, nor any decree or report referred to in the supplemental bill. It no where appears that commissioners were appointed to make partition according to the prayer of the supplemental bill. But the master reported that he had, after advertising the premises, proceeded to sell the lands, and that they had brought $11.010, on the terms which he had prescribed. On the coming in of this report exceptions were taken by the minor defendants, but disallowed by the court, and the report was approved and the sale confirmed, to reverse which decree this appeal is prosecuted.

After the commencement of this term and the filing the transcript, appellee filed what purports to be an order of the court below. It seems to be a continuation of the minutes on

the judge's docket, and has most probably been written in the order book since the clerk certified that no order or decree had been entered in the case. But even if it might be regarded as the order of the court, we regard it, in a direct proceeding of this character, insufficient to sustain the master's sale. It fails to appear from the transcript or the order subsequently filed, that any proof was heard, or that a decree was ever rendered in the case, finding the interests of the parties, and that they were entitled to partition or that commissioners were appointed to make division, or that they had been sworn, had gone on the premises, or made report that they could not make partition without manifest prejudice to the owners. The order proceeds to direct the sale on the usual terms, and then specifies what they are. So far as this transcript discloses, there has not been a compliance with the essential requirements of the statute in these several particulars.

If the sale was made simply on the judge's minutes, and no order was ever entered until after the sale, as the clerk states in the transcript none was entered, then there can be no pretense that the sale was authorized. To confer such power on the master, there should be an order or decree requiring the sale, and prescribing the terms and conditions upon which it should be made. It is improper to leave the master to fix the terms, and equally so to permit the clerk to prescribe them when he enters up the orders. That is for the court and not for the ministerial officers to determine. Nor do we see that the statement in the minutes, that the property should be sold on the usual terms cures the defect. The law has prescribed no terms, but leaves it to the court to determine, in view of all the circumstances of the case.

The order fails to recite that any proof had been heard, that any rights had been adjudicated, or efforts to follow the statute. In the condition in which the record was when the sale was made, any person desiring to purchase, and looking into the record, would have been in doubt whether his sale could have

been sustained, even in a collateral proceeding, and would have been deterred from giving the same amount that he would, had there been no doubt. What defect and irregularity which existed which induced Baker to decline making the sale, is not disclosed, but the supplemental bill alleges that he did decline, and for that reason, and it seems that was the reason for filing the supplemental bill, but we do not see that the irregularity was removed. But whether the order filed by appellee was entered before or after the sale, could not, in the view which we take of the case, have mattered, as it, without some other decree and proceedings, cannot be held to support a sale when exceptions are taken and objections interposed to its confirmation. The decree of the court below, approving of the master's report and confirming the sale, is reversed and the cause remanded.

*Decree reversed.*