## Calloway *v.* Kirkland.

*Real Action in Nature of Ejectment.*

*Sale of decedent's lands, by order of probate court, for division ; place of sale.* — When a decedent's lands, consisting of an entire tract which lies in two or more counties, are sold for division among the heirs (Rev. Code, §§ 2090, 2221), the order of sale must be made by the probate court which has jurisdiction of the estate; but the place of sale, which must be specified in the order, may be in either one of the counties.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. J. McCALEB WILEY.

W. D. WOOD, with WOOD & ROQUEMORE, for appellant.

B. F. SAFFOLD, J. — The suit is ejectment, brought by the appellant against the appellee. The facts are as follows :

[Calloway v. Kirkland.]

The lands of Henry Brown, deceased, lying, one parcel in Dale county, and the other in Henry county, were sold for division by order of the probate court of Dale county, which had jurisdiction of his estate, having granted the letters of administration. The sale was made in Dale county, by the administrator, on the 17th of April, 1865, for cash. The appellant purchased that portion lying in Henry county, and paid the price immediately in Confederate money. The sale was confirmed, and, on report of the payment of the purchase-money, an order to make titles was obtained, and carried into effect by the execution of a conveyance. In 1867, two of the heirs of the deceased, ignoring the sale above mentioned, petitioned the probate court of Henry county to order a sale of the land situated in that county, for division between the heirs as joint owners. The order was granted, and a sale in pursuance thereof was made, reported, and confirmed. The purchase-money was paid, and a conveyance was executed under an order for that purpose. The appellee is in possession of the land in controversy as a subsequent purchaser under this sale. The court instructed the jury to find a verdict for the defendant.

Letters of administration, when granted by a probate court having jurisdiction to do so, exclude the probate court of every other county from the jurisdiction thereof, and extend to all the property of the deceased in the State. R. C. § 2014. Lands of an estate are to be sold by order of the probate court having jurisdiction of the estate. R. C. § 2221. They are to be sold, at such place in the county where they lie, as the judge of probate may direct; and if the land to be sold lies in one body, but in more than one county, it may be sold in either of the counties, in pursuance of, and by authority of a decree of the probate court of the proper county. R. C. § 2090. By reference to the act of the legislature, approved November 29, 1860 (Acts 1859–60, p. 636), which is embodied in the last clause of R. C. § 2090, it will be seen that it is not the probate judge of either county who may order the sale of one body of land situated in two counties, but that land so situated may be sold in either county; whereas, if it were not in one body, but in separate parcels, each parcel must be sold in the county where it lies. The probate court administering the estate of the decedent must grant the order, and appoint the place of sale, in all cases.

The title to land which descended to the heirs-at-law of a decedent is divested out of them, when, after a sale by the administrator, under a valid order of sale, a conveyance is executed to the purchaser under an order or decree directing title to be made. *Bonner* v. *Greenlee*, 6 Ala. 411; *Lightfoot* v. *Lewis*,

[Morris v. Poillon.]

1 Ala. 475. The appellant's title is superior to that of the appellee. The court erred in its ruling.

The judgment is reversed, and the cause remanded.