# Calloway *v.* Kirkland.

### *Statutory Real Action in Nature of Ejectment.*

1. *Sale of decedent's estate to pay debts and make a division.*—The various sections of the Revised Code in reference to sales of the estate of decedents for the payment of debts and for division among the heirs, are construed in the opinion.

2. *Same; when sale not void though not made in county where land lies.* When the sale of lands is ordered for division among the heirs, under section 2228, Revised Code, the sale is not void because made at the court-house of the county in which administration was granted, instead of at the court-house door of the county in which the lands were situated.

APPEAL from Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

This suit was brought by appellant against appellees on September 2, 1874. In 1863, Alex. Outlaw was appointed administrator *de bonis non* of the estate of Henry Brown, senior, who owned land in Dale county. Some months after said appointment, Henry Brown, junior, died intestate, and said Outlaw was appointed administrator of his estate. Said Brown, junior, left no estate except the lands in controversy. Said Outlaw obtained an order from the Probate Court of Dale county for the sale of said land, and sold it under said order before the court-house door in Dale county, to the highest bidder, in April, 1865, and it was purchased by the plaintiff, (appellant), and paid for in Confederate States treasury notes. The land lies in Henry county. Said Brown, junior, did not own any land at the time of his death in Dale county. At the time of the order and sale, the heirs were all of age, except one. The proceeds were paid over to the heirs, who were all present at the sale, urging said administrator to sell, except the minor, whose guardian was present. It is not known that said Brown, junior, had any known place of residence at the time of his death. He died in the Tennessee army, but at his departure for the army left his clothes at his father's house in Dale county, where they were found by the administrator. All of the heirs were duly notified of the day set to hear the petition filed by the administrator to sell the land—the minor being represented by a guardian *ad litem.* The sale was made to the plaintiff for $1,700, in cash, and confirmed by the said Probate Court.

The administrator was directed to make a deed to the purchaser, which was done. The purchase-money was distributed among the heirs—the minor's portion paid over to her regular guardian and "receipted." All of the records in relation to the said administration in Dale county, were destroyed by fire. In 1869, two of the heirs at law of said Brown, junior, (one of whom was the minor when the lands were sold), filed their petition in the Probate Court of Henry county, where the lands are situated, praying an order for partition and division, and making all the heirs of said Brown, junior, parties thereto, but no notice of this proceeding was given to the plaintiff, (appellant), Calloway. The probate judge of Henry county, upon the petitions and proofs made, ordered the sale of said lands, and appointed commissioners, who made the sale. One George P. Kincey became the purchaser, and a deed was executed to him. Said Kincey afterwards conveyed said lands to the defendant (appellee). Said land, as the proof shows, was worth, at the time of the bringing of this suit, two hundred and fifty dollars. This is an abstract of all the evidence in the case. The plaintiff asked the court to charge the jury, that if they believed the evidence, they must find for the plaintiff. The court refused the charge, and plaintiff excepted. The court, then, at the request of the defendant in writing, charged the jury, that if they believed the evidence, they must find for the defendant. The plaintiff excepted to the giving of this charge, and now assigns the ruling of the court as error.

W. T. MOORE and J. T. HUBBARD, for appellants.—1. An examination of the original acts of the legislature, out of which section 2090, Revised Code, is carved, will show this expression in said section, "lands *must* be sold at such place in the county where they lie," &c., to be a wrong interpretation and codification of the acts, and therefore is not the law.—See Acts 1853–4, p. 252; and Acts 1859–60, p. 636; *State v. Marshall*, 14 Ala. 411. But if such expression is the law, it is directory merely, and can not make a sale of land void, which would otherwise be good, because the sale was not made in the county where the land lies. The word *"must,"* found in that section, is no more mandatory than the same word in sections 2222, 2223, 2224, 2226, of the Revised Code, which sections have been repeatedly construed not to make a sale void because not complied with.

2. The evidence clearly shows that all things connected with the sale were valid. If the sale is valid, the plaintiff's

charge should have been given, and the defendant's refused.
See 41 Ala. 26; *Spragin v. Taylor,* January term, 1873; 47
Ala. 345; *Spraggins et al. v. Taylor, Adm'r,* 48 Ala. 520,
.and authorities there cited; *Harris v. Parker,* 41 Ala. 604.

WM. C. OATES, *contra,* cited Revised Code, section 2090;
*Calloway v. Kirkland,* January term, 1874; Code of 1853,
.section 1764.

STONE, J.—In *Bradley v. Broughton,* 34 Ala. 706, we
.said: "The tendency of modern decisions . . is, not
to pronounce judicial acts void, unless forced thereto by
.some stern rules of law, or of public policy. The conse-
quences of pronouncing acts voidable rather than void, com-
mend themselves by such a healthy conservatism, that courts
should hesitate before declaring void what has passed judi-
cial sanction."—See, also, *Satcher v. Satcher,* 41 Ala. 26;
*Pettus v. McClannahan,* 52 Ala. 55.

The sale in the present case was made under section 2228
of the Revised Code. It was made for division, and not for
the purpose of paying debts. The sale was conducted in
strict pursuance of the order of court, was duly reported
to the Probate Court and confirmed, the purchase-money
reported paid, order granted to make title, and the title
made to the purchaser. The sale, however, was made at
the court-house in Dale county, while the lands lie en-
tirely in Henry county. On this account it is contended
that the sale is void, and that it vested no title in Calloway,
the purchaser. The decision of this question depends on the
construction of the statutes.

The body of the laws known as the Code of 1853, con-
tains two systems for the sale of lands belonging to deced-
ent's estates. One for the payment of debts, beginning with
.section 1754 of that Code; 2079 of Revised Code. Under
the statute as it then stood, lands, when ordered to be sold
for the payment of debts, were directed to be sold "on such
credit as the court may direct, not exceeding two years;"
but the statute further ordered that they "must be sold at
the court-house of the county in which they lie."—Code,
§ 1764.

The other system commences with section 1867 of said
Code of 1853, and provides for the sale of decedent's lands,
"when the same can not be equally divided amongst the
heirs or devisees." Under this system, the manner of sale
is directed by section 1872. It commands that such lands

[Calloway v. Kirkland.]

"must be advertised and sold, on such terms as the court may direct, not exceeding a credit of twelve months." To this extent, the rules of the two sales were different. One was a credit of not exceeding two years; the other, not exceeding twelve months. The residue of section 1872 reads as follows: "The sale must be advertised, and conducted, and bonds or notes taken for the purchase-money, if sold on a credit, with two sufficient securities; the sale confirmed, and titles made to the purchaser on payment of the purchase-money, in all respects as upon a sale of lands by an executor or administrator, under an order of the Probate Court, for the payment of debts." The question arises, to what extent does the clause last above quoted refer to, and adopt as applicable to sales made for division, the rules which govern sales for the payment of debts. It clearly refers to sections 1762, 1763, 1765, and up to and including 1770; corresponding to sections 2088, 2089, 2091, up to and including 2096 of the Revised Code. The language employed proves this. These must be conformed to, in all respects, where the sale is made for division. Does it extend any further? The direction found in section 1764, in Code of 1853—section 2090, Revised Code—as to the terms of credit on which lands may be sold, is clearly not to be followed in sales for division under section (1872) 2228 of Revised Code. The two are incompatible. Can we affirm that the command that lands "must be sold at the court-house of the county in which they lie," found in said section (1764) 2090, are made applicable to sales under section (1872) 2228? Does the phrase "must be . . conducted," found in section (1872) 2228, refer to any thing found in section (1764) 2090? We think not; as that section—1764—originally stood, it contained the same clause in substance. In this section 1764, the direction was, "the sale must be conducted in all respects as the sale of personal property." We are endeavoring to ascertain what the legislature intended when they originally adopted these sections; for section (1872) 2228 not having been changed in this respect, it must now receive the same construction which we would have given it before section (1764) 2090 was amended. We think the true construction is, that the phrase "must be conducted," found in each of the original sections 1764 and 1872, refers to the same thing, namely, that the sale "must be conducted in all respects as the sale of personal property." The similarity of expression proves this. We must then inquire how personal property was then required to be sold. This is shown in sections

(1746) to (1750) of the Code of 1853. Neither of those sections contains a word in relation to the county in which the sale is to be made; but they clearly show that that question was committed to the discretion of the court making the order. Under them, the sale of the personalty might have been ordered in some county other than the one in which the property was found, or in which the administration was granted.

The word "conducted" is retained in section 2228, but not in 2090 of the Revised Code. It follows, that there is nothing left in section 2090 of the Revised Code, to which that part of section 2228, beginning with the words, "and the sale must be advertised, and conducted," &c., can refer. Hence, we hold that the clause of reference in section (1872) 2228 does not, by any fair rule of construction, embrace the words, "must be sold at the court-house of the county in which they lie," as found in section 1764 of the Code of 1853. There is nothing in its substitute, section 2090 of Revised Code, to which it can be made to refer, by any thing it expresses.

Since the adoption of the Code of 1853, several of the sections we have been discussing have been amended. The act "to regulate the sale of real and personal property by executors and administrators," (Pamph. Acts 1853–4, p. 55), amended section 1872, and changed it to what appears as section 2228 of the Revised Code. At the same session, section 1764 was so amended as to direct that "sales of real property . . by executors, administrators, and guardians, shall be held at such place in the county as the judge of probate may in his discretion direct."—*Id.* 252. At the session of 1859–60—see Pamph. Acts, 636—a further alteration was made. These two amendments are embodied in section 2090 of the Revised Code.

The act first above mentioned, among other provisions, had made section (1872) 2228 applicable "to each and every application for the sale of lands of deceased persons, whether the proceeding be had under section (1867) 2221 or (1764) 2090 . . of the Code. These provisions appear in section 2082 of the Revised Code, with the exception that instead of 1764 found in the printed act, we have 1754 in the Code. It is not material in this cause to inquire which of these renderings is correct. None of those changes make the provisions of section (1764) 2090 applicable to sales under section (1872) 2228. They exert no influence in the determination of the questions we have been discussing.

[Stoudenmire et al. v. Brown.]

We hold that the sale made by the administrator was not void, and that the Circuit Court erred in charging the jury that the plaintiff was not entitled to recover. In thus holding, we reach the same conclusion our predecessors did when this case was formerly here, (50 Ala. 401), but for different reasons. In what we have said, we do not wish to be understood as asserting that if the sale had been made to pay debts, it would have been void. That question is not presented by this record, and we leave it undecided.

Reversed and remanded.

*Statutory Real Action in Nature of Ejectment.*

