## Estate of Benjamin L. Pease v. J. S. Hunt.

1. COURTS—*Speak by Their Records—Judge's Minutes.*—Courts speak only by their records. The minutes of the judge may warrant the court in directing the clerk to write up what he has neglected.

2. WITNESS—*Competency, How Questioned.*—When a witness is competent in his own behalf, under certain clauses of the statute, if questions put to him call for evidence which he is not competent to give, objections should be made, and if overruled, exceptions taken; unless this is done the question of his incompetency as to such evidence can not be raised in the Appellate Court.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

J. W. WAUGHOP, attorney for appellant.

JOHN N. JEMISON, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee presented in the Probate Court his claim for medical services, which was allowed for $444.

On appeal the verdict of a jury was $350, for which he had judgment, from which this appeal is prosecuted.

The appellant attacked the jurisdiction of the Circuit Court, alleging that the case had been dismissed, and relied —not upon any record of the court—but upon an entry upon the clerk's minutes reading, " On M. of deft. S. dis. p. c. and j. w. p.;" and the appellee countered with another entry on those minutes reading, " M. plff. dis'l. of appl. and J. set aside and ex. by def.;" which seems a conclusive answer. For as neither of them is the record of the court, and a court speaks only by its record, one entry is as useless as the other. Skinner Mfg. Co. v. Sinsheimer, 37 Ill. App. 467; Launtz v. Heller, 41 Ill. App. 528; Lehr v. Hall, 6 Miss. 54; McLain v. Van Winkle, 46 Ill. 406; Consol. Coal Co. v. Schaefer, 135 Ill. 210.

The minutes of the judge may warrant the court in directing the clerk to write up what he neglected. Howell v. Morlan, 78 Ill. 162.

The objection that to warrant the court in rendering a judgment to be paid in due course of administration the jury should have, by their verdict, found that the amount they awarded should be so paid, needs no reply. Nor does the fact that the appellee had told the appellant that his bill was less than he proved up, make the verdict wrong.

The appellee was received as a witness in reply, over the objection and exception of the appellant. The widow and daughter of the deceased—both presumably having a direct interest in the event of the suit—had testified to conversation with him since the death of the deceased. He was therefore competent under the first and third clauses suffixed to Sec. 2, Ch. 51, R. S., Evidence. If questions put to him called for matter not within either of those clauses, such questions should have been objected to, and made the subject of exception, if the objection was overruled. Such a

course was not taken after he was admitted as a witness; no objection was made to any question put to him. The amount was so exclusively a question for the jury that the appellant has not deemed it necessary to abstract fully the testimony in regard to it.

There is no error and the judgment is affirmed.