## Leonetta C. Metheny et al. v. Charles D. Bohn, by Edward Glotfelty, his next friend.

1. DECREES—*Requisites in Partition.*—In suits for the partition of real estate, it is important that the decree should clearly define, declare and dispose of all the interests and claims to the premises in order that purchasers at the sale may not be prevented from bidding, because the court has inadvertently or otherwise omitted certain essential points in its decree.

2. NOTICE—*Of Reinstatement of Cases upon Reversal—Sufficiency.*— Where the title to real estate is involved, the interest of the parties demand that no questions as to the regularity of the service of the notice of reinstating the case after a reversal by the Supreme Court, should be left for future controversy or discussion.

Partition.—Error to the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

J. A. CRAIN, attorney for plaintiffs in error.

The rule is well settled, that where a notice is required or authorized by statute, in any legal proceeding, it means a written notice. Pearson v. Lovejoy, 53 Barb. 407; Gilbert v. Columbia Turnpike Co., 3 Johns. Cas. 107; Miner v. Clark, 15 Wend. 429; Lane v. Cary, 19 Barb. 539; Matter of Cooper, 15 Johns. 533; McEwen v. Montgomery County Mut. Ins. Co., 5 Hill, 104; People v. Croton Aqueduct Board, 26 Barb. 240; Rex v. Justices of Surrey, 5 Barn. & Ald. 539.

Where the statute requires a personal notice to be served on the party, a notice in writing is meant; because it is quite as necessary in order to give the party his further day in court, as in the case of an original suit; and if a mere oral notice were held sufficient, it would open a way to great abuses.    Miller v. Glass, 14 Ill. App. 177.

W. H. A. RENNER and GEORGE L. HOFFMAN, attorneys for defendant in error.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Originally this was a suit for partition and dower by defendant in error against the plaintiffs in error and others. The case has been twice to the Supreme Court, first, on the decree of partition, which was affirmed, and second on the decree of sale, which was reversed and the cause remanded, the mandate having been filed in the Circuit Court February 11, 1897.    After the reversal of the decree of sale, Lucinda Bohn, the widow, who was entitled to dower in the premises, on March 25, 1897, filed a cross-bill, so called in the record, seeking to set aside a paper filed in the cause purporting to be her assent in writing, required by the statute to authorize an order of the court to sell her interest in the lands with the rest of the premises.    She therein asks this relief on the ground, as she alleges, that she had not in fact authorized, or caused the same to be filed in the court, and was not bound by it in any manner, and praying to have her dower and homestead set off to her in such premises.    On February 26, 1897, there was filed in the cause a notice in writing, with return of service appearing thereon as follows:

(Title of case, venue, and term of court.)

" To J. A. CRAIN,

Solicitor for Leonetta C. Metheny and Samuel Metheny.

DEAR SIR: Please take notice that the order of the Supreme Court of this State, reversing and remanding the above entitled cause to the said Circuit Court of Carroll County, was filed in said Circuit Court on, to wit, the 11th

day of February, A. D. 1897, and that the said complainant by his solicitor will move that said cause shall be reinstated upon the docket of said court on, to wit, the 8th day of March, A. D. 1897, or as soon thereafter as the same can be heard; when and where you may be present to defend if you see fit.

HOFFMAN, RAMSEY & RENNER,<br>Solicitors for complainant."

Return indorsed thereon:

"STATE OF ILLINOIS, } ss.<br>Stephenson County.

I have duly served the within by reading the same to the within-named solicitor for Leonetta J. A. Crain, and at the same time delivering to Metheny and Samuel Metheny him, a true copy thereof, this 25th day of February, 1897.

E. B. CLINGMAN, Sheriff, Stephenson Co., Ill.<br>By J. M. Fox, Dep."

Without appearance of the plaintiff in error, or either of them, or their solicitor, and without in terms referring to the cross-bill filed by the widow, the court entered a decree of sale of the premises, divested of the dower and homestead estate of Lucinda Bohn, the widow, to reverse which this writ of error is prosecuted.

It is contended the notice to reinstate the cause in the Circuit Court, after the mandate of the Supreme Court had been issued, was not sufficiently served, in the absence of an appearance, to give the court the right to reinstate the cause and acquire jurisdiction of the persons of the plaintiffs in error. Also that the final decree leaves the cross-bill and claim of Lucinda Bohn pending and undisposed of, and that in such condition of the record, bidders at the sale would be confused and deterred from purchasing the lands in consequence of the uncertain condition of the title, and thereby the value of the premises would, to some extent, be sacrificed, and for these reasons we are asked to reverse the decree.

It is no doubt important in cases like this, that the decree, where a sale is ordered, should clearly define, declare and dispose of all the interests and claims to the premises in order that purchasers may not be prevented from bidding

at the sale on account the court has, inadvertently or otherwise, omitted these essential points in its decree. The pending cross-bill of Lucinda Bohn, undisposed of, it seems to us can have no other effect, in case of sale under the present decree, than to operate as a menace to purchasers, deterring them from bidding for fear of future controversy or litigation. Whether the cross-bill, so called, is properly upon the files of the court is not a question for us at this time, it being sufficient for the present purpose to say the Circuit Court should permit the parties to take such action as they may be advised is appropriate, and the court to decide as justice may seem to require.

In respect to the notice of reinstatement, the same observations we have made regarding the other point are applicable to this. The service of the notice is defective and uncertain, and it is doubtful if the court thereby acquired jurisdiction of the parties. Where title to real estate is involved, the interests of the parties demand that questions of this kind be not left for future controversy or discussion. In truth the record is quite imperfect in this respect. No motion to reinstate and no proof of notice appear to have been made to the court. For aught that appears, the court at no time passed upon this question, as no order of court appears ever to have been made by which the cause was reinstated.

For the reasons stated the decree of the Circuit Court will be reversed and the cause remanded.