## Alonzo M. Parrish, Administrator, v. Sarah J. Vancil.

### Gen. No. 4,781.

1. WITNESS—*when not disqualified under Evidence Act.* A party in interest is competent where the adverse party defends as administrator, as to any facts occurring after the death of the administrator's intestate.

2. WITNESS—*when not disqualified under Evidence Act.* A party in interest is competent where the adverse party defends as administrator, with respect to any conversations as to which such administrator has testified.

3. CONDUCT OF COUNSEL—*when repetition of questions will not reverse.* *Held,* improper, but not ground for reversal, to repeat questions as to which objections have been sustained.

4. TAXATION OF COSTS—*when concession as to evidence which witness would give does not preclude.* A party is entitled to have witnesses' fees taxed in his favor, notwithstanding after the appearance of such witnesses the adverse party makes admission as to the testimony which they would give.

Contested claim in court of probate. Appeal from the Circuit Court of LaSalle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

HUTTMANN, BUTTERS & CARR, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee filed a claim against the estate of William D. Parrish, deceased, for the sum of $139.50 for balance due for nursing, board and washing. Upon a trial by jury the claim was allowed and an appeal taken to the Circuit Court where a verdict was again rendered for the full amount claimed. A motion for a new trial was overruled, and the administrator brings the case to this court by appeal.

The evidence showed, that the deceased was about eighty-five years of age and the claim was for care during his last illness lasting twenty-seven weeks and

three days. The claimant was not able to prove an express contract. The claimant proved by two witnesses the nature of the services required and rendered. Claimant then undertook to show the value of the services rendered. This was objected to, the defendant stating that there was an express contract. Counsel for claimant then stated there was no contract, but that the deceased had paid her twenty dollars a week for nursing, and two dollars a month for washing during a former illness and that claimant thought she should have that sum for the last illness. After some discussion the defendant then conceded that there was a contract to pay twenty dollars a week for nursing, and two dollars a month for washing. The defendant then moved to exclude the evidence concerning the nature of the services performed. The court overruled the motion and this ruling is assigned for error. There was no error in this ruling for the reason that to recover the claimant must prove that she had performed the services she is suing for, and defendant did not admit the claimant's case until after part of her proof was made.

The administrator testified concerning two different conversations with appellee, that occurred after the death of William D. Parrish. Appellee was permitted in rebuttal to testify about the same conversations, and appellant assigns this for error. Under the third exception to section two of the evidence act, appellee was a competent witness to any conversations concerning which the administrator had testified, and under the first exception to the same section she was a competent witness to facts occurring after the death of the deceased. No error was committed in the admission of appellee's testimony. Exceptions 1 and 3, sec. 2, chap. 51, Hurd's Stat. Blanchard v. Blanchard, 191 Ill. 450; Pease v. Hunt, 60 Ill. App. 585.

Error is assigned on the repetition of questions after the court had sustained an objection to the character of evidence sought to be introduced. We

have considered the points made but cannot see any reversible error, although such a practice by counsel should not be encouraged.

By making the concession concerning the services the defendant assumed the burden of proving payment. Appellant insists that payment was proved, and that the judgment cannot be sustained under the evidence. It was proved that when the deceased was taken sick he had $1,431 on deposit in the National City Bank of Ottawa, and at the time of his death there remained only $446. Amongst the checks that had been paid at the bank were six checks signed by the deceased amounting to $550 which appellant claims were cashed by appellee. Of these one for fifty dollars was payable to appellee and was indorsed by her. The others were payable to self or order and not indorsed and the body of the checks was filled in by the cashier or assistant cashier under an arrangement with the deceased. The last check is for $125 and is dated July 31st. It was cashed by one Benson and the money paid to appellee in the presence of the deceased shortly before his death. Two other checks of $100 each, the cashier of the bank thought he paid to appellee. There is no proof as to who the other two checks amounting to $175 were paid, the assistant cashier who paid them being now deceased, except that Alonzo M. Parrish, the administrator, testified that after his father's death he talked with appellee about five of the checks amounting to $475, and that she said she got the money on them. The administrator admits he did not show appellee the checks at the time of the conversation. Appellee denies that she had any conversation with the administrator about the checks. The administrator also testified that appellee told him that she drew money on checks and paid it to his father. The appellant admitted that the services of appellee amounted to $560. If claimant had received all that appellant claims she received there would still be a balance due her. There is no proof that claimant re-

ceived the money on two of the checks amounting to $175 except the statement of the administrator and that is denied by claimant. Claimant by her demand admitted the payment of about $50 more than the defendant was able to prove by a preponderance of the evidence. We think the jury was justified by the evidence in finding for the claimant the full amount of her demand.

Error is assigned upon the refusal of certain instructions asked by appellant. Number four stated that if the jury "believed from the evidence that the said Sarah Vancil, claimant, received from the said William D. Parrish in his lifetime, an amount of money equal to the amount due her, for her said services sued for" then they should find for defendant. Appellant admitted claimant had paid some small bills for the deceased. The deceased had boarded with claimant several years and had been paid money for nursing upon former occasions. The instruction was properly refused because it directed a verdict and at the same time ignored material matters. The fifth instruction was bad because it told the jury the effect of certain evidence, when it should have left the weight and the effect of the evidence for the jury to determine. Number six was properly refused because the administrator testified that claimant had paid Dr. Butterfield ten dollars for the deceased and that she said she had given his father the money received from the checks. Number seven was properly refused because she could not have been fully paid by the checks offered in evidence the total of the checks being less than the admitted value of the services.

Appellant assigns for error the overruling of motions made after the judgment was rendered, to retax the costs of five witnesses subpoenaed by claimant and not used on the trial. The claim being against the estate of a deceased person, the claimant was not a competent witness to testify in her own behalf in the first instance to anything that occurred before the

death of deceased. She was unable to prove an express contract, and was forced to rely upon an implied contract or lose her rights. This case had been tried in the probate court by a jury. The defendant did not concede either the performance of the services rendered, their value, or a contract, until he saw the effect of the evidence on the jury. They were necessary witnesses until the concession was made, and the making of the concession by which the necessity of their testimony was obviated would not be any reason for taxing their costs up to the time of the concession against the party who of necessity procured their attendance.

There not being any reversible error in the case the judgment is affirmed.

*Affirmed.*