(121 So. 419)

## HARVEY et al. v. JENKINS.  (6 Div. 264.)

Supreme Court of Alabama.    March 28, 1929.

W. T. Murphree, of Gasden, and J. T. Johnson, of Oneonta, for appellants.

Nash & Fendley, of Oneonta, for appellee.

THOMAS, J.  There was a bill for the sale of real and personal property, and machinery affixed thereto, for division.

The answer and cross-bill denied the right, title or ownership of the original complainant; averred the joint ownership to be in another, who was brought in as a party, and a sale for partition sought.   Section 9331, Code; Ann. Code 1928; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Clark v. Whitfield, 213 Ala. 441, 105 So. 200, and authorities.

The respective right, title, and interest of the parties who are joint owners should be ascertained before the order of sale by a court of equity.   Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623.

The decree rendered should direct the register as to the time, place, and terms of sale; that the property be sold for cash; or prescribe the terms upon which the same should be sold.  If on credit, indicate a reasonable time for installment payments, and require proper security for the payment of balance of the purchase money so deferred, and provide for conveyance on full payment. The parties at interest had the right to be so advised by the decree of sale and not have so important a matter left to the undirected judgment and discretion of the register, as may be affected by circumstances at the time, or suggestions of prospective purchasers attending the sale.

The last assignment of error challenges this action of the trial court.  This court cannot fix such terms as advantageously to the respective parties as can the lower court, and for this reason will not correct the decree in this respect as invoked by the parties so to do.  For this reason the decree of the circuit court is reversed and the cause remanded.

We have carefully examined the record— pleadings and evidence—and affirm the decree of the circuit court in finding that the property, real and personal, made the subject of the suit as the joint property of J. B. Harvey and S. T. Jenkins, should be sold to effectuate equitable partition. holding that C. B. Harvey had no interest therein and sustained no damage on account of any alleged breach of agreement made with him by J. B. Harvey and S. T. Jenkins, and in ordering and decreeing that "the register of the court to sell the real estate described in the cross-bill together with the gin property described in the bill of complaint as a whole."  21 Eng. & Amer. Enc. p. 1204(e).

The decree is affirmed in all respects, except in decreeing that the register should sell the property "upon such terms as in the judgment of the register will be the best interest of the joint owners"; and for this action of the court the decree is reversed and remanded for proper direction to the register of time, place, and terms of the sale.  These important terms of sale should be fixed by the court, and not left to the discretion of the register, clerk, or commissioner ordered to

122

make the sale. 30 Cyc. 274, and cases cited in note 70; 21 Eng. & Amer. Enc. 1204; McLain v. Van Winkle, 46 Ill. 406; Stern v. Epstin, 14 Rich. Eq. (S. C.) 5; Calloway v. Kirkland, 57 Ala. 476. Costs of the appeal are to be equally divided among the parties.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.