189 So. 881

**LAVRETTA et al. v. FIRST NAT. BANK OF MOBILE.**

1 Div. 48.

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

James E. Duggan and Chas. A. Cunningham, both of Mobile, for appellants.

266

Robt. H. Smith, of Mobile, for appellee.

KNIGHT, Justice.

The original bill in this cause was filed by the complainant, the First National Bank of Mobile, against the defendants, John Lawrence Lavretta and wife, to foreclose a mortgage.

This is the second appeal in this cause. The former appeal is reported in 235 Ala. 104, 178 So. 3. Quod vide.

On return of the case to the circuit court of Mobile County that court, on final hearing on pleading and proof, entered a decree granting the complainant the relief prayed for, and referred it to the register of the court, as special master, to hold reference to ascertain the amount still due and owing to complainant on said mortgage, principal and interest, and also to ascertain what would be reasonable compensation to be paid to the solicitor of complainant for "prosecuting this cause."

It appears that the parties agreed in writing, on the reference before the special master, that the amount of the mortgage debt, exclusive of attorney's fee, remaining unpaid as of August 3, 1938, was $68,141.19. The special master so reported, and his report in this respect was duly confirmed by the court. The appellant, on this appeal, makes no complaint as to this part of the decree.

The master reported that, in his opinion, $7113 would be a reasonable fee to be allowed complainant's solicitor in the cause. This last finding was made by the master upon evidence given before him, and which appears in the record. The agreement of the parties did not cover this phase of the reference. This feature of the master's report was also confirmed by the court.

The court, in its final decree, adjudged and decreed that the complainant had a lien upon the lands conveyed by the mortgage, and described in the bill, for the aggregate amount of $75,254.19, representing the balance due in principal and interest on the mortgage, as of August 3, 1938, and the solicitor's fee of $7113. The decree then proceeds: "Unless the said amounts ($68,141.19, principal and interest, and

$7113.00 solicitor's fee) herein decreed to be due to the complainant together with the cost of this case, are paid within thirty days from the date of this decree, the register of this court will proceed to advertise for sale, the lands upon which complainant holds a mortgage, and which are herein above described, and said advertisement shall be made for thirty days before such sale, by publication for once a week for three successive weeks in some newspaper published in the City of Mobile, State of Alabama, and shall give notice of the time, place and terms of sale, together with a description of the real estate to be sold, and the register shall, in front of the door of the Court House of Mobile County, Alabama, sell at public auction, for cash upon the highest bidder, all the real estate upon which complainant holds such mortgage, such sale to be made for the satisfaction of the amounts due to the complainant as hereinabove set forth."

It appears from the record that the report of the register and special master as to the amount of complainant's debt due under said mortgage, and as to a reasonable solicitor's fee in conducting the litigation was read and duly filed in said court on October 14, 1938, and was in all respects, on due submission, ratified and confirmed by the court on October 18, 1938. No exceptions to said report, or to any part of it were taken and filed by the defendants. The record also discloses the evidence upon which the special master acted in making his findings and report.

It is now insisted that the compensation or fee allowed complainant's counsel was and is excessive. As above pointed out, no exceptions were filed to the finding of the register as to this item embraced in his report, and this finding was duly confirmed by the court. The finding of the register having been duly confirmed without exceptions is conclusive on appeal. The appellant can take nothing by this assignment of error. Chancery Court Rule 93; Jones v. Moore, 215 Ala. 579, 112 So. 207; Stone v. Vaughn, 232 Ala. 120, 167 So. 297; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Warren v. Lawson, 117 Ala. 339, 23 So. 65.

It is next insisted that the fee allowed for services of complainant's solicitor was in excess of the amount claimed in this bill. In its bill the complainant prayed to be allowed a reasonable solicitor's fee, and, coupled with this, was the statement that certain designated amounts would be reasonable compensation. The claim was made for a reasonable attorney's fee, and the statement that a certain named amount or amounts would be reasonable compensation was but the expression of the opinion and conclusion of the pleader under the facts then known to him. This conclusion of the pleader was in no wise binding upon the court, whose duty it was to fix and allow a reasonable fee, depending wholly upon the facts of the case, and wholly independent of any opinion of the pleader set forth in the bill. Again, too, when the register reported as to the amount of the fee that should be allowed, the defendants permitted this report to be confirmed without filing any exceptions thereto. For this reason, also, there is no merit in this contention of the appellants. However, in view of the importance of the case, its many complications, and the amount involved, we cannot affirm the amount allowed as compensation for complainant's solicitor was excessive.

It is also insisted that the decree ordering the property sold for the payment of the mortgage indebtedness is infected with reversible error for the failure on the part of the court to designate in the order of sale the day on which the sale was to be had. In support of this contention the appellants cite the following cases from this jurisdiction: Calloway v. Kirkland, 57 Ala. 476; Harvey et al. v. Jenkins, 219 Ala. 121, 121 So. 419; Marshall v. Rogers, 230 Ala. 305, 160 So. 865; Deegan v. Pake et al., 233 Ala. 435, 172 So. 270.

There is nothing in the case of Calloway v. Kirkland, supra, to support the appellant's contention.

In the case of Harvey et al. v. Jenkins, supra, the order of sale directed the register "to sell the lot and gin property located thereon as a whole, after advertising the same as required by law at public outcry, *upon such terms as in the judgment of the register as will be the best interest of the joint owners above referred to* * * *."

While this court, in discussing the case, observed that the decree should direct the register "as to the time, place, and terms of sale; that the property be sold for cash; or prescribe the terms upon which the same should be sold," it was not the intention of this court, as a reading of the case will disclose, to hold that the decree of the court should designate the day on which the sale

should be had. It is clear that the court in referring to "time" had reference to the period of publication of the notice of sale. This conclusion is made evident from the concluding paragraph of the opinion, in which it is said: "The decree is affirmed *in all respects,* except in decreeing that the register should sell the property 'upon such terms as in the judgment of the register will be the best interest of the joint owners' * * *."

In the case of Marshall v. Rogers et al., supra, the order of sale was as follows: "That the remainder of said lands be sold for division of the proceeds thereof, according to law, among the complainant and defendants, *other than the respondents,* as their respective interest may appear; and that the Honorable T. B. Smith, Register in Chancery of Sumter County, Alabama, be and he is appointed special commissioner to make said sale, according to law, and report the same to the court for confirmation."

It is thus to be noted that the circuit court in the Marshall case, supra, did not by its decree fix and prescribe the terms of sale, nor the place of sale, nor the period of publication of the notice of sale. This it should have done in its decree ordering the sale. This court on appeal in that case reversed the decree of the circuit court, and held that the mere direction to the register to make the sale according to law was too general, citing the case of Harvey et al. v. Jenkins, supra. Our observation with reference to what the court intended to hold, and did in fact hold in the Harvey case, supra, is applicable to the holding in the Marshall case, supra.

In the Deegan case, supra, the trial court, after ordering the sale of the property for division, appointed commissioners to make the sale, and directed in its decree that they should make the sale "after advertising the time and place of sale as provided by law, and they are directed to report forthwith to this court the result of such sale for the further orders and decrees of this court." We held that this decree was erroneous for failing to fix time, place and terms of sale. In support of this holding the writer of the opinion cited Marshall v. Rogers, supra; and Harvey et al. v. Jenkins, supra. However, "the time" there referred to had reference, as pointed out heretofore in our discussion of the Harvey case, to the *period of time* the notice of sale should be given, and not that the

court must prescribe and fix the day of the sale.

It often occurs that after a decree of sale has been rendered, an appeal is taken. If the court must fix in its decree the day of sale, that day would often pass before the case could be reached or decided in this court, thereby necessitating a further decree setting and fixing another day for the sale.

We are of the opinion, and so hold, that the decree of the circuit court was not rendered erroneous for the failure of the court to fix and prescribe the day and date on which the property should be sold. We think the decree fully complied with the law in the respects under discussion.

The foregoing disposes of all questions presented here for review, and it results that the decree appealed from is due to be affirmed. So ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

James E. Duggan and Chas. A. Cunningham, both of Mobile, for appellants.

Robt. H. Smith, of Mobile, for appellee.