31 So.2d 502

**VAUSS v. THOMAS.**

6 Div. 540.

Supreme Court of Alabama.

June 26, 1947.

Rehearing Denied July 31, 1947.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellant.

G. R. Harsh and Oliver Henderson, both of Birmingham, for appellee.

GARDNER, Chief Justice.

By decree of May 7, 1946, real estate (house and lot) jointly owned by the par-

ties to this suit was ordered sold for division. On August 19, 1946, the sale was confirmed. On August 31, 1946, motion was made to set aside the sale, which motion was denied November 7, 1946. January 1, 1947, Willie Vauss, one of the defendants, prosecuted this appeal and is represented by counsel who were not in any manner connected with the case prior to the appeal.

So far as the first decree rendered in the cause of May 7, 1946, it was final as to all the equities of the parties, that is the joint ownership, the one-sixth interest of each in the property, and the necessity for a sale for an equitable division of the proceeds. But as to the matter of procedure, the method of making the sale and the like, the decree was interlocutory and subject to modification as the court may deem best. McCalley v. Finney, 198 Ala. 462, 73 So. 639; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502. The appeal is, therefore, from the decree of confirmation rendered August 19, 1946, which is a final decree, upon consideration of which the interlocutory nature of the decree of sale is subject to review. Pettit v. Gibson, 201 Ala. 177, 77 So. 703. All matters of record are proper to be considered and constitute a part of the decree. 30 C.J.S., Equity § 644, page 1072.

The report of the Register shows a sale of the property to Mrs. Neoma Henderson for $600 and the assumption of any unpaid ad valorem taxes and the municipal improvement assessments. The motion to set aside the sale discloses that the purchaser was the wife of the attorney for complainant and that she, the purchaser, within a few days after the sale, entered into a lease-sale contract with complainant for said property at a price of $2,250. This contract is set out as an exhibit. Though it runs for a number of years, yet it discloses that the rights of Mrs. Henderson are well protected.

From the decree there was to be subtracted from the proceeds $100 attorney's fee for complainant and the costs of the proceeding. The remainder was to be held pending settlement of the estate of Mamie M. Vauss, deceased, of which complainant appears to be administratrix. As we read the original decree the stipulation therein as to holding these proceeds pending settlement of said Mamie M. Vauss administration was pursuant to agreement of the parties. The parties to this proceeding are negroes, but were represented by competent counsel. Counsel for appellee insist there were no exceptions made to the report and if appellant or his counsel were not present at the sale, as the motion avers, it was a matter of their own neglect. And we are cited to the generally accepted authority in the matter of confirmation of a sale that one will not be protected from the result of his own inexcusable neglect. 40 Am. Jur. 75; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718.

The motion states a valuation of the property as high as $3,000. But there was evidence taken before the court on this motion which is not here set out and we must indulge presumption that it was favorable to the lower court's conclusion though it must be conceded that upon its face the sale transaction bears some element of unfairness. However that may be, if the case rested solely on the matter of inadequacy of price, relief should be denied. Spence v. Spence, 239 Ala. 480, 195 So. 717.

We are persuaded, however, there is error apparent upon the record which probably injuriously affected the substantial rights of these joint owners, of which appellant is one. Of course, as observed by the court in Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623, 626, the sale being made by the court on behalf of the owners, the court should be and is interested to see that this property "brings its best price when exposed for sale by order of the court."

And looking to this end the record must be viewed from the standpoint of the prospective purchaser. Illustrative of this concern of the court as to a proper sale and a fair price and full competition in bidding, it was said in McCalley v. Finney, supra, speaking of an incumbrance upon the property by the complainant of her interest therein after the commencement of the proceeding: "We are not here so much concerned with the legal phase of the situa-

tion regarding the rights of the mortgagees acquired pending the suit; but conceding, for the purpose of this case, that these incumbrances were taken subject to the pending litigation and are therefore in subordination of any interest a purchaser at a judicial sale may acquire, yet if the existence of these incumbrances is calculated to produce distrust or confusion in the lay mind—in the mind of the business man seeking an investment of this character—then it would be the duty of the court, as far as within its power, to remove these obstacles to free bidding and a fair sale." [198 Ala. 462, 73 So. 641.]

There was one time a view that our previous cases would be interpreted as requiring a decree of sale of this character to designate the day on which the sale was to be had. But this court in Lavretta v. First National Bank of Mobile, 238 Ala. 265, 189 So. 881, set at rest this contention by holding that the authorities were not to be so construed, stating that the intention of the court was merely to require the decree to direct the Register as to the time, place and terms of the sale, the word "time" having reference to period of publication of the notice and not the particular day. See, also, Parker v. Clayton, Ala. Sup., 29 So.2d 139.[1] The decree here involved meets that requirement. Further illustrative of the mind of the court that important matters in regard to the conduct of the sale should not be left to the undirected judgment and discretion of the Register is to be found in Harvey v. Jenkins, 219 Ala. 121, 121 So. 419, from which opinion we take the following excerpt, as here pertinent: "The decree rendered should direct the register as to the time, place, and terms of sale; that the property be sold for cash; or prescribe the terms upon which the same should be sold. If on credit, indicate a reasonable time for installment payments, and require proper security for the payment of balance of the purchase money so deferred, and provide for conveyance on full payment. The parties at interest had the right to be so advised by the decree of sale and not have so important a matter left to the undirected judgment and discretion of the register, as may be affected by circumstances at the time, or suggestions of prospective purchasers attending the sale."

As said by the Illinois court in Metheny v. Bohn, 74 Ill. App. 377: "Where a sale is ordered, the decree shall clearly define, declare and dispose of all the interest and claims to the premises in order that purchaser may not be prevented from bidding at the sale on account the court has, inadvertently or otherwise, omitted these essential points in the decree." And this same court in the earlier case of Kilgour v. Crawford, 51 Ill. 249, held it error to reverse for the decree to omit reference to the mortgage which was referred to in the bill in the decree ordering the sale. The court concluded, speaking of the prospective purchaser: "In this uncertainty, it is evident the sale of the premises would be greatly impaired." As to the mortgage designated in the bill, doubtless in the absence of the mortgagee the court could not affect its interests. 47 C. J. p. 482. Nevertheless, the bill disclosing the existence of the mortgage and seeking a sale subject thereto, the Court in the decree should give some direction concerning it for the benefit of the purchaser. We entertain the view that this decree of sale does not conform to these requirements. The bill discloses that the property sought to be sold is incumbered with a mortgage of $293, speaking in round numbers; it is further alleged that since the death of the mortgagor, Mamie M. Vauss, that complainant has made the monthly payments as they became due to the mortgagee. The bill further discloses that the complainant had been appointed administratrix of the estate of Mamie M. Vauss, and that she is desirous of settling the estate within the time prescribed by law. As such administratrix, however, she is not a party to the bill; it is filed in her individual name as an heir and as an heir only. The prayer of the bill was that the property be sold subject to the incumbrance above mentioned and that complainant be reimbursed for any and all sums of money which she may have paid out on said property or on said mortgage. This appellant appears to have filed an answer admitting the appointment of the com-

---

[1] 248 Ala. 632.

plainant as administratrix of the estate of Mamie M. Vauss, deceased, and alleging that she took over the possession of the property and has made no accounting for monies received, and suggesting to the court that the estate could be best administered by the removal of its administration to a court of equity. The answer further prays that it be made a cross-bill and that the administration of the estate be removed, and that complainant be made to give an accounting for all monies received. Like answer was filed by defendants Elvin and Lovell W. Vauss. There is nothing in the record indicating that any action was taken on the answer as a cross-bill.

In the decree of sale the court ordered that the proceeds should be held pending the settlement of the estate of Mamie M. Vauss, deceased. As to the mortgage, or any other claim upon the property, the decree is entirely silent. It ordered the Register to sell the property for cash at the court house door "after first giving notice of the time, place and terms of said sale by publication once a week for three weeks in a newspaper in Jefferson County, Alabama," — this and nothing more.

The report of the Register, after citing the advertisement in the newspaper known as the "Weekly Call," showed a sale of the property to Mrs. Neoma Henderson for the sum of $600, and the assumption of all unpaid ad valorem taxes and municipal improvement assessments.

As we have previously observed the orders entered in cases of this character must look to its effect upon the prospective purchaser and to a fair sale. The decree failed to note the terms of the sale, that is, that it was subject to the mortgage, or whether it was subject to the claim of complainant for subrogation or free of such claim, whether subject to the payment of any claims against the estate of Mamie M. Vauss, deceased, one of the original owners. These omissions, in our opinion, were of such character as calculated to produce distrust or confusion in the lay mind, in the mind of the business man seeking an investment of this nature. In McCalley v. Finney, supra, the holding was that if it would produce such effect then it was the duty of the court to remove these obstacles to free bidding and a fair sale. True, in the McCalley case one of the parties defendant was a non compos mentis. But this merely placed upon the court what was termed a peculiar duty to see that his interest was protected. We there made the following observation: "The sale is made by the court, and until it is confirmed it is no sale. So, if the court is persuaded that, for any cause, whether surprise, mistake, or accident, the sale was not fairly conducted, or that the property was sold for much less than its real value, the sale should be set aside and a resale ordered. Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718; Roy v. O'Neill, 168 Ala. 354, 52 So. 946; Montague v. Int. Trust Co., 142 Ala. 544, 38 So. 1025; Cruikshank v. Luttrell, 67 Ala. 318."

The authorities noted indicate the interest of the court in seeing to it that a sale is fairly conducted.

We have previously stated the decree is entirely silent in regard to any claim of complainant for subrogation. True, the original decree of sale indicates that by agreement of the parties the remaining proceeds of the sale shall be held by the Register pending the settlement of the administration of the estate of Mamie M. Vauss, deceased. But it must be noted that any stranger, a prospective purchaser, would be entirely without knowledge as to the amount of any such claim, as well as any claim on the part of complainant for subrogation. Complainant and her counsel had knowledge which the purchaser would not possess and of which he was not informed by the original decree. The mere agreement of the joint owners that the proceeds might be held pending settlement of the estate did not meet the situation looking to a fair sale of the property. The entire proceeding does not commend itself to the unbiased judicial mind. Complainant was administratrix of the estate of the original owner. In such trust relationship it is doubtful that a sale to her attorney would be approved. 47 C. J. 533. The wife of the attorney became the purchaser and very promptly resells to complainant at an advance price. We think it clear enough there could not be a fair sale of the property, under the circumstances here out-

lined and with these important matters omitted from the decree.

█ In the McCalley case, supra, this court, as hereinabove noted, concluded that if the existence of incumbrances is calculated to produce distrust and confusion in the lay mind, in the mind of the business man seeking investment of this character, then the duty rests upon the court as far as within its power to remove these obstacles to free bidding and fair sale. That is, of course, the end sought by the court in making a sale of the property. A reading of the facts in the McCalley case, supra, readily discloses the confusion produced in the lay mind by incumbrances on the property offered for sale, even though as a matter of law incumbrances are subordinate to whatever rights the purchaser might acquire. As we have observed, the decree of sale gave no direction to the register as to any of these matters of incumbrances —that is, complainant's right to subrogation, the mortgage upon the property, and any claims administration of the estate of Mamie Vauss may have upon it.

Of course, it is well understood that all property of the decedent except as otherwise provided by statute is charged with the payment of the debts, and if necessary, may be sold for that purpose. Title 61, § 217, Code 1940. But, of course, before a sale of the land for the payment of debts the personal property must first be exhausted. Title 61, § 252, Code 1940. See Hopkins v. Crews, 220 Ala. 149, 124 So. 202, and Long v. Shumate, 237 Ala. 470, 187 So. 627, where the Hopkins case is differentiated.

█ In view of the administration of the estate of Mamie Vauss now pending in the equity court it would doubtless have been better that the administratrix have been made a party to this proceeding so as to more fully protect a prospective purchaser. But in the absence of the administratrix the decree should have directed the Register that the property was to be sold subject to the right of complainant to subrogation, subject to the right of the administration of the estate of Mamie Vauss, deceased, and subject to the mortgage existing upon the property, as well as any ad valorem taxes and municipal improvement assessment. Any one interested, therefore, in the purchase of the property seeing this in the notice of sale given by the Register could make inquiry and ascertain the facts and thus have information which complainant, who is also administratrix, and her counsel perhaps alone knew. For the decree to so provide as herein indicated would be but to respond to the averments of the bill in this case. Omitting these important details the first final decree in its interlocutory nature was, therefore, defective and in view of these defects the final decree of confirmation should not have been entered. We feel, therefore, impelled to the conclusion that a reversal is due to the end that these matters may be supplied in a resale of the property.

It is our view, also, that the almost immediate resale of the property by the wife of the counsel for complainant, who was the purchaser at the sale, at so decided an advance in the purchase price suffices to show that the rights of the parties were probably injuriously affected by the failure of the decree to specify the terms under which the property was to be sold.

There has never been any objection, it appears from the record, to that part of the decree determining the respective interests of the parties to the suit in the property and the necessity for sale for division. Indeed, as previously observed, this was a final decree and not subject to review in this appeal. In this respect the decree is due to be affirmed.

The further aspect of the decree in regard to the method of sale was interlocutory in character and subject to review on appeal from the final decree of confirmation. A proper order here, therefore, to be entered is affirmance of the decree of May 7, 1946, in so far as it determines the equities of the parties and reversed as to its interlocutory character, as was a similar order entered in Harvey v. Jenkins, supra.

Affirmed in part, and in part reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.