100 So.2d 327

### Beryl D. OLIVER

v.

### Albert H. DUDLEY.

4 Div. 936.

Supreme Court of Alabama.

Jan. 23, 1958.

Chas. H. McCann, Seale, and Smith & Smith, Phenix City, for appellant.

J. Pelham Ferrell, Phenix City, for appellee.

STAKELY, Justice.

The appellant brought the original bill in this case, seeking a sale of a building and lot located thereon in the Town of Seale, Alabama, for division of the proceeds between herself and appellee as joint-owners. Subsequent pleadings by way of answer and cross-bill and answer to the cross-bill, presented the real controversy between the parties.

It is stipulated that each party owns an undivided half interest in the suit property and that the same cannot be equitably divided by metes and bounds and that sale for division is necessary. But appellee contends that appellant is due to be charged with one-half of amounts claimed to have been expended by him in repairing or improving the premises. Appellant denies any liability on this account, contending that appellee for a number of years had extensive use and enjoyment of the building and made his expenditures for his own benefit and without approval on her part.

After hearing the evidence ore tenus, the court rendered its decree. There is a finding that certain repairs had been made with the knowledge and approval of "complainant's foreman and caretaker"; that these repairs amounted to $540 and that "we think that probably the complainant should pay half of these repairs in the amount of $270.00." The decree then proceeds:

'It Is Therefore Ordered, Adjudged and Decreed by the Court that the property be and the same is ordered to be advertised by the Register as prescribed by law for the length of time prescribed by law, notice of the time and place to be given in a newspaper published in Russell County, Alabama; and that the Register is thereupon ordered to sell At Public Auction Before The Court House Door In Phenix City, Alabama, the following described property, towit, * * *."

■ Complainant (appellant) made application for a rehearing, the intent of which was to have modification of the decree in respect to the matter of repairs. In due course the application for rehearing was denied and an order made directing the register to proceed with the sale of the property. We have shown that the appeal is from the final (original) decree, the action of the court in denying rehearing being assigned as error. It is well settled that a decree denying an application for rehearing in equity will not support an appeal. Nor is such a decree subject to review on assignments of error on appeal from the final decree. Equity Rule 62, Code 1940, Tit. 7 Appendix; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422. We, therefore, confine ourselves to a review of the final decree.

■ Whatever might be our view of the evidence relating to appellant's duty to share in the costs of repairs, that question is not before us. It is to be noticed that the lower court made no adjudication as to this. There is in the decree a mere indication that complainant (appellant) should "probably" be charged with a certain portion of the expenditure. It is significant that the decree reserved for further consideration all matters not specifically adjudged. Questions which have not been determined below will not be decided in advance on appeal. Drake v. Drake, 262 Ala. 609, 80 So.2d 268.

■ But the decree is defective in two particulars. In the first place it does not determine the equities of the parties, growing out of the use of the property. We have held that "The respective right, title and interest of the parties who are jointowners should be ascertained before the order of sale by a court of equity." Harvey v. Jenkins, 219 Ala. 121, 121 So. 419; Crawford v. Crawford, 248 Ala. 447, 28 So. 2d 196. It being undisputed that each party owns an undivided one-half interest in the property, the question of appellant's liability vel non to bear a part of the cost of repairs was of the essence of her right, title or interest, and should have been determined in advance of a decree of sale.

■ In the second place the decree directs the register to advertise the sale for the length of time as required by law, etc. To meet the requirement the decree should direct the register as to the time, place and terms of sale. Harvey v. Jenkins, supra; Vauss v. Thomas, 249 Ala. 449, 31 So.2d 502. This does not mean that the decree of sale should designate the day on which the sale is to be had. A direction as to the

period of publication would meet the requirements as to "time". Lavretta v. First Nat. Bank, 238 Ala. 265, 189 So. 881; Parker v. Clayton, 248 Ala. 632, 29 So.2d 139; Vauss v. Thomas, supra. A proper decree should be framed in the light of these cases.

The decree must be reversed and the cause remanded for further action in accord with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.