# Banks *v.* Long.

*Bill of Review for Error Apparent, and on New Evidence.*

1. *Bill of review for error apparent; what may be considered.*—On application for a bill of review on the ground of error apparent, no question arising as to any gross mistake or omission in the preparation of the original cause, the court can only consider the facts ascertained, as shown by the pleadings, admissions of facts, and facts asserted as such in the decree and opinion of the court, or necessarily implied in the decree rendered.

2. *When mortgagee, or his assignee, is not purchaser for valuable consideration.*—When a mortgage is given merely as security for a preexisting debt, no new consideration entering into the transaction, the mortgagee is not entitled to protection against an outstanding equity of which he had no notice, as a purchaser for valuable consideration; and if he transfers his interest as collateral security for an existing debt, without any new consideration, his assignee is not a purchaser for value.

3. *Bill of review, on ground of new evidence.*—To sustain a bill of review on the ground of newly discovered evidence, it must appear that the additional evidence was not known at the time of the former hearing, and could not have been ascertained by the exercise of proper diligence; and the new evidence, with the other testimony already in, must entitle the complainant to a decree more beneficial to him than the decree already rendered.


APPEAL from the Chancery Court of Russell.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, by leave of the court, on the 1st March, 1884, by William H. Banks and George P. Swift & Son, a partnership, against Mrs. Josephine Long, the wife of James W. Long; and sought to review and reverse a decree rendered in a former suit, in which Mrs. Long was the complainant, and her husband, said W. H. Banks and Geo. P. Swift & Son were the defendants. The original bill in that case was filed on the 13th June, 1881, and sought to establish, in favor of Mrs. Long, a resulting trust in a house and lot in the town of Hurtville, containing about four acres, on the ground that it was bought for her by her husband, and paid for with moneys belonging

[Banks v. Long,]

to her statutory separate estate ; and that the defendants, when they acquired the legal title under some arrangement with her husband, were chargeable with notice of her equitable rights. On final hearing in that case, on pleadings and proof, the chancellor rendered a decree for the complainant; and the bill of review sought to review and reverse that decree, on the grounds of error apparent in the decree, and of newly discovered, which was not known on the hearing of the original cause. The chancellor overruled a demurrer to the bill of review, for want of equity, but dismissed it on final hearing on the merits ; and his decree is now assigned as error.

Jas. T. Norman, for the appellants.

J. F. Waddill, *contra.*

STONE, C. J.—James W. Long had purchased a lot of ground from the Hurtville Mill Company, but had received no title therefor. A dwelling-house was erected thereon. Being indebted to Banks, Long caused the title to the lot to be made to him, not in absolute right, but as a mortgage security for the sum he owed him. Banks was indebted to Swift & Son, and assigned his interest in said property, not by mortgage, or other conveyance, but as collateral security for such indebtedness. At this stage, Mrs. Josephine Long, wife of James W. Long, filed her bill against said James W., her husband, and against Banks and Swift & Son ; and claimed and averred that the lot was purchased and the improvements erected with moneys of her statutory separate estate, and she prayed that title be decreed to her as such. Banks and Swift & Son defended the suit, and denied that the money expended in the purchase and improvement of the lot was of the statutory or other estate of Mrs. Long. They also pleaded that they were each *bona fide* purchasers of said property for a valuable consideration, and without notice of Mrs. Long's equitable claim. Testimony was taken on each side of the issues, the cause submitted to the chancellor, and he rendered his final decree, granting to Mrs. Long full relief. Thereupon defendants petitioned for a rehearing, which the chancellor refused. This refusal was in March, 1883, immediately after the final decree was rendered.

In March, 1884, Banks and Swift & Son, with leave of the court, filed the present bill of review, and seek to have said cause reheard and reversed, on two grounds : first, for alleged error apparent; and second, on newly discovered evidence. The chancellor dismissed the bill on the merits, and his decree is assigned as error.

[Banks v. Long.]

These questions depend on principles entirely different, and we will consider them separately. First, we will consider the question of error apparent on the face of the decree. In considering this question, we are not allowed to look at the testimony given on the former trial. The sufficiency of the testimony to sustain the conclusions the chancellor reached, would have arisen and been considered, if the case had come before us on an appeal from that decree. Coming, as it does, on alleged error apparent, we can consider only the facts ascertained, as shown by the pleadings, admissions of facts, and facts asserted as facts in the decree and opinion of the court, or necessarily implied in the decree rendered. We speak not now of those gross mistakes and omissions in the preparation of the cause, which have sometimes sustained a bill of review. No such question arises in this case. The sole question here presented is, whether from the ascertained facts, as shown by the pleadings and the chancellor's announcement of the facts found, it is apparent he erred in the decree rendered.—*McDougald v. Dougherty*, 39 Ala. 409; *Noble v. Hallonquist*, 53 Ala. 229; *McCall v. McCurdy*, 69 Ala. 55; *Ashford v. Patton*, 70 Ala. 479.

The chancellor, in his opinion, finds and ascertains that the lot was purchased and the improvements made with Mrs. Long's money, her statutory separate estate. He finds, in the next place, that Banks received the conveyance as a mere security for a pre-existing debt, without any new consideration, or binding stipulation of forbearance, to uphold it. He further finds, that Banks only assigned and pledged his interest in the said security given him by Long, as collateral security for the debt he owed to Swift & Son, without any new consideration. On these ascertained facts, he correctly ruled, that Mrs. Long's equity was paramount to each and both of their claims.— *Wells v. Morrow*, 38 Ala. 125.

Is the averment of newly discovered testimony made good? If it is, then the complainants have shown themselves entitled to have the case retried on the new testimony taken, and on the testimony taken and used on the former hearing. It becomes, in such event, a trial *de novo*, and partakes of the nature of a new trial at law.—*McCall v. McCurdy*, 69 Ala. 65. There is this difference: If a new trial in a court of law is ordered, the necessary result is the setting aside of the former recovery; and the second trial proceeds, notwithstanding it may be shown the alleged newly discovered evidence was known before the first trial took place. The granting of the new trial destroys the first recovery, and the law court is not endowed with the moulding power of revoking the order granting the new trial, or of re-establishing the former judg-

[Banks v. Long,]

ment. When such bill is filed, even though permitted by the chancellor, this does not of itself destroy the original decree. It does not even suspend it, unless so ordered by the chancellor; and, for the protection of those interested in the decree, he may require a bond as a condition of suspension.—Code of 1876, § 3842; 2 Dan. Ch. Pr. 1582.

The equity of a bill of review, for newly discovered testimony, is the fact that it is newly discovered, and that, with the other testimony, it entitles the complainant to a decree different—beneficially different—from that rendered in the cause. It must be newly discovered; for, if known before the trial, or, if with proper diligence it would have been known, this is a complete bar to such relief. *Vigilantibus, non dormientibus, subservit lex.*—2 Dan. Ch. Pr. (Cooper's) *1584, n. 3; 1 Brick. Dig. 667, §§ 399, 402.

Banks alone had the transaction with Long. Swift & Son knew nothing of the trade, and lived in a different State. Banks alone attempted to prove himself a purchaser. In his testimony, taken on the bill of review, he testified that, while the original suit was pending, and before decree rendered, he was informed by his own counsel of a fact, which fact ought to have put him on inquiry, and which, if followed up diligently, would have led to the discovery of the very important fact he now relies on as newly discovered. He was not diligent enough in following up the inquiry. He further testified, that he had given evidence " in the original cause between the parties. He does not know that he has acquired since any material information in regard to this matter." This concession, coming as it does from the party most interested, and who was relied on to conduct, and did conduct the defense of the original suit, is fatal to the present suit. He not only fails to show he employed proper diligence in the preparation of his defense, but his testimony tends strongly to disprove the assertion that the alleged new testimony was discovered since the decree was rendered in the original cause. To allow relief, in such a case as this, would encourage carelessness in the preparation of causes, and greatly impair the conclusiveness of final decrees.

The decree of the chancellor must be affirmed.