### ALEXANDER v. ALEXANDER et al.

8 Div. 455.

Supreme Court of Alabama.

Oct. 5, 1933.

Eyster & Eyster, of Decatur, for appellant.

bill of review upon the theory that such an order on motion of the solicitor was without binding effect, unless an inquisition was made by the court as to the minors' interest, and therefore constitutes error apparent upon the record.

There is no claim of newly discovered evidence, and as here applicable the rule is settled, speaking generally, that the error to be reviewed must be one in substance of prejudice to the party complaining, apparent on the face of the pleadings, proceedings, or decree, and every reasonable presumption must be indulged in favor of the correct ruling of the chancellor which the record does not affirmatively repel. Snead v. Lee, 218 Ala. 44, 117 So. 469, 470; Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Goldsby v. Goldsby, 67 Ala. 564; Casey v. Sacks, 223 Ala. 147, 134 So. 851.

And in a bill of review, or one in the nature of a bill of review, mere irregularities which might constitute reversible error on appeal are insufficient for impeachment of a decree otherwise regular. Casey v. Sacks, supra; Hubbard v. Vredenburgh Sawmill Co., 226 Ala. 54, 145 So. 320.

Bearing in mind the foregoing principles, we think the bill insufficient either as a bill of review or treated as one in the nature of such a bill.

E. W. Godbey, A. J. Harris, and Julian Harris, all of Decatur, for appellees.

The cause dismissed sought to contest in equity the will of L. A. Alexander, deceased, which had been duly admitted to probate following a contest on. the part of Myrtle Alexander by her next friend, Carrie Barker, her mother, and likewise the next friend of these complainants, upon the sole ground that the deceased had not executed the writing offered for probate. , The contest of Myrtle Alexander reached this court on two appeals.

On the first, speaking to the ground of contest first noted, this court held that the evidence of the two witnesses to the will was direct, positive, and unclouded, save by some general statements by testator, not here necessary to note, that ample reasons appeared from the proof why deceased should have made just such a will, and that a verdict against the admission of the will to probate should not be allowed to stand. Alexander v. Alexander, 208 Ala. 291, 94 So. 53. Upon the second trial, the verdict and judgment admitting the will to probate was here affirmed. Alexander v. Alexander, 214 Ala. 291, 107 So. 835.

GARDNER, Justice.

The former cause, here sought to be reinstated, was dismissed by the equity court on motion of the solicitor for complainants, minors, who had sued by their next friend. This dismissal is relied upon as justifying a

Complainants, on June 17, 1926, by their next friend, filed this bill, under the influence of section 10637, Code 1923, resting their contest, as previously noted, upon the sole ground the will was not executed by the deceased. Answers were filed and the demurrer interposed by Walter A. Alexander was sustained, and on June 29, 1927, the bill was amended to meet the ruling on the demurrer,

and in July, 1927, the answer refiled. The cause remained in court and at issue from July, 1927, to November 23, 1928, when upon motion of complainants' solicitor it was dismissed.

Whether or not testimony had been taken establishing the due execution of the will as had been done in the probate court, or to what stage the case had progressed, is not made to appear. If testimony so establishing the will had been taken, there is nothing in the present bill to indicate the discovery of any new proof in rebuttal, and, in the light of the former history of the case to which the pleadings refer, it is but reasonable to assume that solicitor for complainants, acting in good faith and due diligence, seeing that further litigation would prove entirely fruitless, requested a dismissal of the cause.

■ True, these minors became the wards of the equity court, and it was the duty of the equity court to see that their rights were properly asserted and protected (First National Bank v. Robertson, 220 Ala. 654, 127 So. 221, 223; Collins v. Gillespy, 148 Ala. 558, 41 So. 930, 121 Am. St. Rep. 81; Tenn. Coal, Iron & R. Co. v. Hayes, 97 Ala. 209, 12 So. 98; Austin v. Bean, 101 Ala. 148, 16 So. 41), and that the neglect or dereliction of a next friend in the prosecution of a suit or in allowing a dismissal thereof ought not to be allowed to prejudice the rights or remedies of the minor (McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62). But the rights of the minors must have been prejudiced, or as otherwise stated in Snead v. Lee, supra, "the error to be reviewed must be error in substance, of prejudice to the party complaining." And, in the absence of a charge of fraud (no such charge is here involved), there must have been prejudicial negligence or dereliction of duty on the part of the next friend. Otherwise the rule obtains that there must be a time for litigation to end (Rumbly v. Stainton, 24 Ala. 712), and that the policy of the law demands that the effect of judgments be mutual, that an infant, in court in the manner provided by law, be bound by the decree duly rendered as any other party (Irwin v. Ala. Fuel & Iron Co., 215 Ala. 328, 110 So. 566), and that his rights and interests are as subject to the jurisdiction of the court as those of an adult (Hamilton v. Tolley, 209 Ala. 533, 96 So. 584).

■■ Reverting to the rule that every reasonable presumption, which the record does not affirmatively repel, must be indulged in favor of the correctness of the chancellor's ruling (Snead v. Lee, supra), it may be assumed that the court, in view of the previous history of the litigation concerning this will, and the testimony in its support which may be assumed had been taken in the cause, correctly agreed with the solicitor for complainants that further litigation would be fruitless. So considered, clearly no duty rested upon the chancellor to first refer the matter to the register for investigation, or to make further inquisition. Nor does the bill contain any averment indicating any reasonable prospect for a result different from the preceding litigation. Nor was it essential that there should have been some previous adjudication by the equity court as to the validity of the will. It had been duly admitted to probate, and its probation was a proceeding in rem binding and conclusive on the world until set aside as provided by law. Ex parte Walter, 202 Ala. 283, 80 So. 119; Ex parte Woodward Iron Co., 212 Ala. 225, 102 So. 103; Allen v. Pugh, 206 Ala. 10, 89 So. 470; Wachter v. Davis, 215 Ala. 659, 111 So. 917.

■ Subject to the limitations as to minors herein discussed, Chancery Rule 28, relating to the matter of dismissal of a cause being equivalent to a dismissal on the merits under conditions therein stated, is as applicable to minors as to adults. And what has been said sufficiently discloses our view that the present bill's averments do not suffice to avoid the binding force and effect of the dismissal of the former cause here sought to be reinstated.

We are of the opinion, therefore, that the demurrer to the bill was due to be sustained.

It results that the decree rendered must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.