154 So. 797

## THOMPSON v. EARNEST et al.
### 6 Div. 565.

Supreme Court of Alabama.
April 26, 1934.

Rehearing Denied May 31, 1934.

Wm. W. Monroe and S. T. Wright, both of Fayette, for appellees.

Wm. J. Slaughter, of Birmingham, and J. C. Shepherd, of Jasper, for appellant.

ANDERSON, Chief Justice.

The original bill was filed by M. L. Earnest and Hester Earnest, by his next friend, Susan Thompson, to contest the will of Salina Earnest which had been probated and proven in the probate court in 1923, nearly ten years prior to the filing of the said bill.

Section 10637 of the Code of 1923 authorizes such a contest within twelve months after the will was probated, but the complainants, in an effort to obviate this section, attempted to bring themselves within the influence of section 10639 of the Code extending the time to infants and persons of unsound mind to twelve months after the termination of their respective disability by the averment

that M. L. Earnest was a non compos mentis when the will was probated and continued as such to within less than twelve months before filing the bill and that Hester Earnest was then a non compos mentis and has so continued up to the filing of the bill, hence suing by next friend. The cause was heard and decided by the trial court, who saw and heard the witnesses and who found that neither of the complainants was of unsound mind so as to escape the duty to contest the will within twelve months as provided by section 10637 of the Code, and properly dismissed the bill of complaint.

The complainants did not appeal from this ruling and decree, but filed this as a bill of review seeking to review and revise the former decree of the circuit court in equity because erroneous upon the face of the record, newly discovered evidence, and a change as to the status or condition of one of the complainants subsequent to the rendition of said decree.

The claim that the decree was erroneous upon the face of the record is grounded upon the fact that the trial court did not appoint a guardian ad litem, as required by section 10638 of the Code, for Hester Earnest, who had no legal guardian at that time, although he was a contestant by his next friend, Susan Thompson, and through whom he had the right to sue under section 6519 of the Code. We do not think that section 10638 requires the appointment of a guardian ad litem for a non compos mentis who is the actor or contestant by a next friend; this should be done only as to infants and non compos mentis contestees.

The affidavits as to the mental condition of Hester Earnest go to the very issue considered and decided in the original decree and are merely cumulative and therefore insufficient to support a bill of review. McDougald's Adm'r v. Dougherty, 39 Ala. 409.

The fact that Hester Earnest was adjudged a lunatic by the probate court of Walker county some months after the decree of the circuit court in equity, which is now sought to be set aside, is by no means contradictory of the finding of the circuit court that he was not insane when the will was probated or up to within twelve months of the time of filing the bill of complaint to contest the probate of the will.

The bill of review was subject to the respondents' demurrer to same, and the decree of the circuit court sustaining same is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.