160 So. 343

**ALEXANDER v. ALEXANDER et al.**

8 Div. 609.

Supreme Court of Alabama
March 21, 1935.

See, also, 227 Ala. 322, 150 So. 142.

Eyster & Eyster, of Decatur, for appellant.

E. W. Godbey and A. J. Harris, both of Decatur, for appellees.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill of review.

The litigation has a protracted history.

Lawrence A. Alexander, a resident of Lawrence county, died October, 1920. His surviving next of kin were a brother, Walter A. Alexander, a sister, Gussie Bristow, and the children of Luke Alexander, a deceased brother. These children, Myrtle, William, Clifton, Ernest, Evelyn, and Marjorie Alexander, were then of tender years. Their mother, Carrie Alexander, later married Mr. Barker.

In November, 1920, Walter A. Alexander propounded for probate an alleged will of said Lawrence A. Alexander. Proponent was the sole beneficiary in said will.

Myrtle Alexander, eldest child of Luke Alexander, deceased, suing by Carrie Barker, her next friend, contested the will in the probate court.

The grounds of contest were: (1) A denial of the execution of the instrument by the decedent; (2) undue influence.

On first trial there was jury and verdict in favor of the contestant. On appeal to this court the judgment was reversed upon the ground there was no evidence of undue influence; and the evidence produced by contestant on the issue of execution of the will was insufficient to overcome the direct and positive evidence of the attesting witnesses and other circumstances in evidence. A new trial was ordered. Alexander v. Alexander, 208 Ala. 291, 94 So. 53.

On second trial there was jury and verdict for proponent. This was June, 1925. On appeal the judgment was affirmed March 18, 1926. Alexander v. Alexander, 214 Ala. 291, 107 So. 835.

On June 17, 1926, a contest was instituted in equity by William Alexander and others, the minor children of Luke Alexander, other than Myrtle, who had contested in the probate court. This suit was also instituted by Carrie Barker, their mother, as next friend.

On November 23, 1928, this bill was dismissed by decree of the court at the instance of solicitors for complainants.

On December 8, 1930, the present bill was filed.

The original bill was framed as a bill of review for matters apparent of record.

Demurrer to the original bill being overruled, an appeal from such decree was taken, and this court held such bill without equity. Alexander v. Alexander et al., 227 Ala. 322, 150 So. 142. This decision was handed down October 5, 1933.

On December 20, 1933, complainants amended the bill by adding sections 15, 16, 17, and 18, which are set out in the report of the case.

The trial court overruled demurrers of Walter A. Alexander to the bill as thus amended. From this decree the present appeal is taken.

"The equity of a bill of review for newly discovered testimony, is the fact that it is newly discovered, and that, with the other testimony, it entitles the complainant to a decree different—beneficially different—from that rendered in the cause. It must be newly discovered; for, if known before the trial, or, if with proper diligence it would have been known, this is a complete bar to such relief. 'Vigilantibus non dormientibus, subservit lex.'—2 Dan. Ch. Pr. (Cooper's) *1584, n. 3; 1 Brick. Dig. 667, §§ 399, 402." Banks v. Long, 79 Ala. 319, 322; Adler et al. v. Van Kirk Land & Construction Co., 114 Ala. 551, 21 So. 490, 62 Am. St. Rep. 133; Allgood v. Bank of Piedmont, 130 Ala. 237, 29 So. 855; Cochran v. Rison, 20 Ala. 463; Caller, pro ami, v. Shields, Malone, Lyon et al., 2 Stew. & P. 417.

We inquire, first, does the amended bill disclose the alleged newly discovered evidence was newly discovered within the rule above noted? If the matters alleged be true, there is disclosed a forgery of a will by the sole beneficiary, participated in by the alleged attesting witnesses. In the nature of wills, a part of the same fraudulent concoction included a conspiracy of concealment and active procedure to have the will probated. Under the averments of the bill, this fraudulent conspiracy persisted to the taking of the proof on the bill to contest in equity.

The bill avers the fact of forgery was known to eyewitnesses, members of the family of one of the alleged attesting witnesses, a participant in the forgery and the giver of false testimony on contest proceedings in both probate and equity courts; that these eyewitnesses kept their silence, until the head of the family himself divulged the facts under circumstances which released the new witnesses from imposed silence, and impressed them with the duty to speak.

We are of opinion the facts and circumstances averred are sufficient, if proven, to acquit complainants of any want of diligence in discovering this new evidence.

We think the bill brings the case, in this regard, within the conservative rule applied in Adler et al. v. Van Kirk Land & Construc-

tion Co., 114 Ala. 551, 558, 21 So. 490, 492, 62 Am. St. Rep. 133, saying: "There must be an end to litigation; and without offending principles of public policy, endangering the order and peace of society, and deranging the whole structure of our judicial system, a court of equity cannot intervene against the decree or judgment of a court of competent jurisdiction because of facts known, or capable of discovery by reasonable. inquiry, at the time of its rendition. Fraudulent practices or concealments may be resorted to by an unscrupulous suitor. Witnesses may be corrupted, or evidence suppressed, and an unjust, unconscientious judgment wrested from the court; these must have been unknown, and reasonable diligence not sufficient to have guarded against them."

Appellant forcefully stresses the long litigation in the several courts, all instigated and conducted by Carrie Barker, acting as next friend of her children, and the hazard of injustice after so long delay and death of witnesses.

We have set out with some pains the dates of the various court proceedings. They disclose decided diligence in instituting contests in the probate court and later in the equity court. There was delay in getting trials, and further delays growing out of several appeals. It is not to be presumed this was due to any fault of complainants or their next friend.

The bill of review was filed within the three-year limitation prescribed by statute, not applying the further time allowed infants. Code, § 6608. We need not decide whether this extended time applies to this case.

The amended bill was promptly filed after the sufficiency of the original bill was tested on appeal to this court. Moreover, the amended bill discloses the discovery of this new evidence was delayed until the death of the alleged witness to the will without fault on complainants' part.

■ There is no merit to the contention that the contest in chancery was by the same person or class contesting in the probate court. The contest in chancery is a part of our statutory system designed to give next of kin all the protection accorded in probate in solemn form.

The probate of wills in the probate court is a proceeding in rem. •Usually begun speedily after the death of a decedent, an option is given to institute a contest then and there. But any one not a contestant in the probate court, although aiding and promoting the contest in such court, is still entitled to contest in chancery. No reason can be given for cutting off infant next of kin from like rights, although suits are instituted on their behalf by the same person as next of kin. Breeding v. Grantland, 135 Ala. 497, 33 So. 544; Knox v. Paull, 95 Ala. 505, 510, 11 So. 156; Ex parte Walter et al., 202 Ala. 281, 80 So. 119; Johnston et al. v. Glasscock, 2 Ala. 218, 236.

Appellant further insists the alleged deathbed confession of the writer of the will, party to its alleged forgery, and witness in the probate proceedings, is not admissible as a dying declaration, but hearsay merely as against respondents, and at most admissible solely by way of impeachment of his evidence as a witness to the will. .

The rule with us is that dying declarations are admissible as evidence of the facts declared only in homicide cases, and touching , the facts of the homicide.

We are not disposed to reopen the discussion of the wisdom of such rule or the criticism of it as applied to forged wills.

If the bill averred no more than such confession, it would be wholly insufficient. That matter is to be considered, however, as a circumstance going to the question of diligence on the part of complainants, as well as to the credibility of the alleged eyewitnesses, who are said to have kept silent and disclosed the facts after the death of such witness.

On the question of the sufficiency of the alleged newly discovered evidence, without question, if such evidence is produced and believed to be true, and the averments going to the question of vigilance are also proven, these infants are entitled to relief.

■ Unless incredibility appears on the face of the allegations, such question is not presented on demurrer to the bill.

■ The rule in such cases is to first hear the alleged newly discovered evidence and all matters relating to same; and, if produced with proof of other averments touching vigilance, then the trial court, if he finds it newly discovered evidence of probative force, proceeds to hear all the evidence de novo and renders his decree as justice and equity shall demand. The decree sought to be set aside is not disturbed until such full hearing. The rule is different in bills to vacate judgments at law for fraud, etc. Banks v. Long, supra; McCall v. McCurdy, 69 Ala. 65.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.