167 So. 297

**STONE v. VAUGHN.**

**7 Div. 363.**

Supreme Court of Alabama.

April 9, 1936.

Geo. W. Kalkman, of Birmingham, and Haralson & Son, of Fort Payne, for appellant.

J. A. Johnson and C. A. Wolfes, both of Fort Payne, for appellee.

GARDNER, Justice.

The appeal is from a decree confirming the report of the register on final accounting of J. B. Stone, as executor of the estate of his deceased father, C. B. Stone.

The matter of accounting was duly referred to the register, who gave notice to the executor of the time and place of holding the reference. The executor appeared in person and by counsel and participated in the cross-examination of the witnesses heard orally before the register. The accounting here sought was an involuntary one, caused by the failure of the executor to file his accounts and vouchers for final settlement following his resignation, as citation to him had required. The court was therefore forced to proceed to an examination and statement of the account from whatever legal proof was available. Section 5919 et seq., Code 1923.

Numerous witnesses were examined tending to show indebtedness of the executor to the estate in the sum indicated in the register's report.

It is insisted on appeal that some of the items related to money in the hands of the executor while he was acting as guardian for his father who had been declared non compos mentis, for which account had been made. But upon conclusion of the proof at the reference before the register, counsel for executor was asked if he wished to make explanation of any items, and the offer was declined. The executor neither testified nor offered evidence.

The report laid over for exceptions a period of five days as the previous order of the court served upon the executor prescribed. No exceptions were filed, and the report of the register was duly confirmed by the chancellor. The report concerns only a finding of facts from the testimony of witnesses heard orally before the register, and is presumably correct. Dent v. Foy, 214 Ala. 243, 107 So. 210. And the failure of the executor to file exceptions thereto renders the report conclusive here. Jones v. Moore, 215 Ala. 579, 112 So. 207; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Bellinger v. Lehman, Durr & Co., 103 Ala. 385, 15 So. 600; Chancery Rule 93.

It is insisted there is error for that there appears to have been no notice of the accounting given the surety on the executor's bond, the argument being that section 5904, Code 1923, as amended by General

122

Acts 1931, p. 829, so requires, though incorrectly stated in the amendatory act. But this we need not determine, for (wholly aside from the question as to whether or not the executor could properly raise that point) the proceedings had in this case were not under the statute for voluntary settlement provided for by sections 5908 et seq. of the Code, and this statute is therefore here without application.

Here, the executor had resigned (section 5925, Code 1923), and the settlement involved was an involuntary one governed by sections 5930–5932 of the Code, which contain provision for notice applicable to this particular character of settlement. In the absence of the removal of the executor from the state we find in these statutes no requirement for notice to his sureties, nor do we find any amendment thereto. Under such a settlement, therefore, it must be held notice to the sureties was not essential.

.We conclude, therefore, that the assignments of error are not well taken, and that the decree should be affirmed.

■ The Maryland Casualty Company is surety on the bond of the executor, but we do not interpret the decree of the chancellor as being one against said surety. But the surety files here a petition for intervention, seeking a review of the finding of the register, upon the theory that it had no notice and was interested in the result. Motion is made to strike the petition for intervention here filed. We think the motion well taken. Such a petition is properly to be presented in the court below. Ex parte Ide, 228 Ala. 452, 153 So. 887; Greene v. Greene, 220 Ala. 395, 125 So. 640; 20 R.C.L. p. 694; Ex parte Gray, 157 Ala. 358, 47 So. 286, 137 Am.St.Rep. 62.

■ There is some reference to a bill of review for newly discovered evidence (Cunningham v. Wood, 224 Ala. 288, 140 So. 351; Alexander v. Alexander, 227 Ala. 322, 150 So. 142; Banks v. Long, 79 Ala. 319), but the petition here is not to be so construed, and would, of course, be inappropriately filed here.

It results that the petition for intervention is stricken, and the decree here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.