14 So.2d 516

**McANALLY et al. v. FARISH.**

**8 Div. 216.**

Supreme Court of Alabama.

June 30, 1943.

Rehearing Denied July 16, 1943.

Ben L. Britnell, of Decatur, and Jas. E. Weaver, of Hartselle, for appellants.

S. A. Lynne, of Decatur, for appellee.

BROWN, Justice.

The original bill, filed May 19, 1942, by the appellee as successor in office of J. B. Little as Superintendent of Banks, liquidating the Tennessee Valley Bank, against appellants seeks the foreclosure of a mortgage executed by R. D. Chunn and his wife Ruby Chunn on the 24th day of April, 1922, to J. B. Patterson to secure an indebtedness of $2,150, payable October 1, 1922.

The complainant pleads, in her bill, the proceedings and decree of the Circuit Court of Morgan County, in equity sitting, in the case of these appellants as complainant against said J. B. Little et al., a statutory bill to quiet the title, to the lands here involved, and other lands, which said decree, rendered on June 12, 1940, adjudicated and declared that said complainants in that case were the owners of said lands, subject to the encumbrance created by the mortgage which the present bill seeks to foreclose, in respect to which the decree recites: "It is further ordered, adjudged and decreed by the court that J. B. Little, as Superintendent of Banks of the State of Alabama, liquidating the Tennessee Valley Bank, a corporation, owns and holds a claim, lien and encumbrance, by virtue of a mortgage executed by R. D. Chunn and wife, Ruby Chunn, on April 24, 1922, to J. B. Patterson, and which mortgage is recorded in the Probate Office of Morgan County, Alabama, on Mortgage Book 296, Page 276, and which said mortgage is now owned and held by the said J. B. Little, as Superintendent of Banks of the State of Alabama, liquidating the Tennessee Valley Bank, a corporation, which said mortgage constitutes a lien, claim and encumbrance on a two-thirds (2/3) undivided title, share and interest in and to the following described lands in Morgan County, Alabama, to-wit: "The Southeast 1/4 of the Southwest 1/4 of Section 17, Township 6, Range 1 West; the Northeast 1/4 of the Northwest 1/4 and the Northwest 1/4 of the Northeast 1/4 of Section 20, Township 6, Range 1 West."

The appellants, defendants in the circuit court, make their answer a cross-bill, and attack the validity of the mortgage here sought to be foreclosed on the ground that their paternal ancestor R. D. Chunn only had a life estate in the lands covered by said mortgage in consequence of his relationship as husband to defendants' maternal ancestor Laura Lee Chunn from whom they claim title through the process of devolution, under the statutes of descent and distribution.

In furtherance of and support of this claim, the cross-bill alleges, "That on or about April 21, 1902 there was filed for record in the office of the Judge of Probate of Morgan County, Alabama, a warranty deed purporting to have been executed by Edmund T. Overstreet and wife, Ida Overstreet, and Thomas Overstreet and wife, Anna Overstreet, as grantors, to R. D. Chunn, as grantee, for a recited consideration of $900.00, which conveyance bears date of November 23, 1897 and appears to have been acknowledged jointly and separately on November 23, 1897 by said grantors before John T. Terry, a Notary Public, Morgan County, Alabama; said deed appears of record in the office of the Judge of Probate of Morgan County, Alabama, in Deed Book 73, at page 326. * * * that R. D. Chunn was the husband of Laura Lee Chunn, who was the mother of defendants; that the said Laura Lee Chunn did not join in the conveyance purported to have been executed on November 23, 1897 by Edmund T. Overstreet and Thomas Overstreet to R. D. Chunn, and that the said Edmund T. Overstreet and Thomas Overstreet did not execute said purported deed to the said R. D. Chunn dated November 23, 1897, but that said deed was a forgery because Edmund T. Overstreet died on or about October 24th, 1897, and the record of his death was discovered to be in the office of the Judge of Probate of Morgan County, Alabama, on June 2nd 1942, in the births and deaths record. * * * the fraud of forgery of Edmund T. Overstreet's name on the deed to R. D. Chunn has been called to the attention of this Court immediately up-

on learning of the same, and that the failure to make discovery of said fraud previously was no fault of defendants."

The appellants on the predicate laid by said allegations in their cross-bill seek to invoke the jurisdiction and power of the circuit court to review the record and proceedings in the former litigation between appellants, Little and others, on the ground of evidence newly discovered, and in support of these averments offer the depositions of the witnesses Clovis Babler and T. J. Overstreet. Miss Babler testified on direct examination:

"Your name is Miss Clovis Babler? A. It is.

"Q. You are now Chief Clerk in the Probate Office of Morgan County, Alabama? A. I am.

"Q. I show you a book appearing to be the births and deaths register, 1896 to 1899, Morgan County, Alabama. I will ask you to please turn to the record of deaths on October 24, 1897. Does the book appear to have any page marks or numbers? A. It does not. The pages are not numbered.

"Q. It is a bound book, though, is it not? A. It is.

"Q. Does there appear in this book under October 24, 1897, the name Ed Overstreet? A. There does.

"Q. Place of birth Alabama? A. Yes sir.

"Q. Age twenty-six? A. Yes.

"Q. And was there an informant of his death? A. Yes.

"Q. Who was it? A. S. C. Smith, M. D.

"Q. Place of death Beat 8, Morgan County? A. Yes.

"Q. Does it say Valhermosa Springs in there? A. It says place of burial Valhermosa Springs.

"Q. Does any person by the name of Ed Overstreet, Edmon Overstreet or Edward Overstreet appear to have died in the months of October or November 1897 according to that record other than the one just testified about on October 24, 1897? A. No sir.

"Q. Is that the original record that is now in the custody of the Probate Judge? A. It is.

"Q. You have been a clerk in the office of the Judge of Probate how long? A. Twenty-two years.

"Q. Has that book been in the possession of the Probate Judge during that period of time? A. It has.

"Q. Is there any other record of births and deaths for that same period of time in the office of the Judge of Probate? A. No, there is not."

Overstreet testified that he was Ed Overstreet's brother, that they lived during Ed's lifetime at Valhermosa Springs in Morgan County, Beat 8, and further, to quote from his depositions, "About the time of Mr. Ed's death, do you recall about that? A. I think I do pretty well. It was in October.

"Q. What year? A. I don't know the year.

"Q. Was it in the eighties, the nineties, in nineteen hundred or when? A. I think it was about 1900, but I wouldn't be positive. It was somewhere along about then. It has been a long time.

"Q. Was October 1897 about the time of his death? A. I can't hardly tell.

"Q. Do you remember when it was? A. I just couldn't tell what year it was. I could if I had some papers here that I have at home.

"Q. Was there anyone living in Beat 8, Morgan County, Alabama, along in October 1897 to your knowledge by the name of E. D. Overstreet, Edmond Overstreet or Ed Overstreet? A. They always called him Ed. Ed Overstreet.

"Q. To your knowledge was there any other Ed Overstreet? A. There was not.

"Q. Was there any Ada Overstreet? A. No sir.

"Q. Any Eddie Overstreet? A. No sir.

"Q. He was the only one in that community? A. Yes sir.

"Q. Do you know about how old he was when he died? A. He was six years older than I was and I am sixty-six now.

"Q. Do you know who was the attending physician of Ed Overstreet? A. Dr. John Smith or Dr. Winton.

"Q. Dr. Smith was a practicing doctor in this County at that time? A. Yes sir.

"Q. Is he dead or alive at this time? A. He is dead. Him and Dr. Winton both.

"Q. Your brother Ed Overstreet and you and your sister, Laura Overstreet, who married R. D. Chunn, were the other children? A. Yes sir. * * *"

Neither the volume, identified by Miss Babler, as the "record of births and deaths" nor an authenticated copy of the page relating to said Overstreet, were produced and noted as evidence in the case.

■ The answer and cross-bill admit that the complainant in the case at bar is the successor in office of said J. B. Little as Superintendent of Banks, liquidating the Tennessee Valley Bank, a fact of which the court takes judicial notice.

■ It is familiar law that the decree of a court of competent jurisdiction rendered in a proceeding authorized by statute [Code 1940, Tit. 7, §§ 1109–1112], is conclusive between the parties. In fact that is the purpose of such proceeding and the statute § 1112, supra, provides that, "The court shall consider and determine any title, claim, interest, or incumbrance, and shall, upon the finding of the jury, or upon such consideration and determination, finally adjudge and decree whether the defendant has any right, title, or interest in, or incumbrance upon, such lands, or any part thereof, and what such right, title, interest, or incumbrance is, and in or upon what part of the lands, the same exists; and such decree is binding and conclusive upon all the parties to the suit."

In the former suit between the appellants and Little as Superintendent of Banks, the existence and validity of the mortgage and the character of the encumbrance were directly in issue, and were declared by the decree in that case. Jenkins v. Jonas Schwab Co., 138 Ala. 664, 35 So. 649; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217. And the decree in that case so long as it stands is conclusive between the parties. Grayson v. Muckleroy, supra.

■ To warrant the review of said proceedings and the reversal of the decree on the ground of newly discovered evidence, it is incumbent upon the party seeking such reversal, to show by allegation and proof, that such evidence is newly discovered,— that it could not have been discovered before the former trial by proper diligence,— and that on such newly discovered evidence, together with the other testimony offered on the previous trial, the complainant would have been entitled to a more beneficial decree than that rendered. Alexander v. Alexander et al., 230 Ala. 170, 160 So. 343.

■ We are of opinion that both the allegations and proof fall short of meeting these requirements, and that the relief prayed in the cross-bill was properly denied.

In the resume of fact in the final decree, it appears that the learned trial judge referred to the mortgage, the foreclosure of which the bill sought, as the forged instrument, and not the deed through which the mortgagor R. D. Chunn claimed title. This we regard as a clerical error, and the decree in this respect is corrected, and as so corrected will be affirmed.

It is so ordered by the court.

Corrected and affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.