46 So.2d 210

**STANLEY et al. v. BARCLAY.**

8 Div. 534.

Supreme Court of Alabama.

April 20, 1950.

Rehearing Denied May 18, 1950.

Jas. M. Proctor, of Scottsboro, for appellant.

H. O. Weeks, of Scottsboro, for appellee.

STAKELY, Justice.

A plat known as the Skelton Addition to the City of Scottsboro, Alabama, con-tains lots 35 and 36. These lots are adjoining lots and lot 35 is located south of lot 36. Both lots face west on Market Street. Appellee is the owner of lot 35 and also claims title to a driveway north of lot 35 which runs across the south side of lot 36. Appellants claim title to all of lot 36 including the driveway.

Appellants began the construction of a garage apartment at the east end of the driveway which would block the driveway and deprive appellee of the use thereof and a means of ingress and egress to and from her property and the out buildings located on the back of her lot. Appellee filed her bill seeking an injunction to enjoin the construction of the garage apartment. The court issued a temporary injunction which was later made permanent in a final decree.

On January 15, 1948 appellants received a deed to lot 36 in the Charlotte Skelton Addition to the Town of Scottsboro, the lot being described in the deed as fronting 80 feet on Market Street. The map or plat known as the Charlotte Skelton Addition contains lots 35 and 36, each lot according to the map or plat having a frontage of 80.8 feet. No driveway is shown on the map or plat. The assessments of appellee and her predecessors in title back to 1938 show an assessment of lot 35 with no mention of a driveway. It is claimed by appellants that when they purchased lot 36 in 1948 they acquired the record title to lot 36 with no notice of any kind of an adverse claim to the driveway which ran across the south side of lot 36. They accordingly began the construction in April 1949 of the garage apartment which the court enjoined.

On April 15, 1915 R. S. Skelton and wife conveyed lot 35 by deed to J. B. Perry. At the time J. B. Perry was also the owner of lot 36 and both lots were vacant. He built a house and barn upon lot 35 and opened the driveway on the north of lot 35 as a means of access to his barn located on the back of lot 35. On June 25, 1919 J. B. Perry sold and conveyed lot 35, including the drive on the north of the lot by warranty deed to James B. Presley, the property conveyed

being described in the deed as "Lot 35 in the Charlotte Skelton Addition to the Town of Scottsboro, Alabama, including the drive on the north of said lot." On November 8, 1919, James B. Presley who had occupied the property from the time of its purchase by him, sold and conveyed the property to J. M. Bryant, the property being described in the deed as "Lot 35 in the Charlotte Skelton Addition of the Town of Scottsboro, Alabama, including the drive on the north side of said lot."

J. M. Bryant went into immediate possession of lot 35 and while in possession he acquired lot 36. Tendencies of the evidence show that while in possession of these lots J. M. Bryant enclosed that portion of lot 36 north of the drive with a fence and used it as a pasture for cattle and chickens. Tendencies of the evidence further show that this fence extended from a point on Market Street east along the north side of the drive in line with the posts of the shed which was on the north side of the barn located on the back of lot 35. According to tendencies of the evidence part of this fence still stands.

On November 12, 1925 J. M. Bryant sold and conveyed lot 35 to D. E. Barclay, the father of appellee. The property is described in the deed as "Lot 35 in the Charlotte Skelton Addition to the Town of Scottsboro, Alabama, being the same lot conveyed by R. S. Skelton to J. B. Perry on December 16, 1913, and the same lot conveyed by J. B. Presley and his wife to said J. M. Bryant on September 8th, 1919, as shown by Deed Book No. 61, p. 222, Jackson County, Alabama." On April 22, 1933 D. E. Barclay conveyed the property to his daughter Pearl Barclay (appellee) who sold it to her mother, who kept it for several months and then sold it back to appellee in 1937. The property is now occupied by J. O. Barclay, a nephew of appellee. He has lived on the property since 1939.

◼ Like the trial court we find it unnecessary to determine the owner of the record title to the driveway and agree with the trial court that Pearl Barclay has title to the driveway by prescription. For more than twenty years she and her predecessors in title have been in the continuous, open, notorious, hostile, adverse possession of the driveway claiming it as their own against all others. We think that not only does the evidence show such claim and right on the part of appellee but also shows that the predecessors in title of appellants conceded such claim and right.

On February 24, 1926, J. M. Bryant and wife sold and conveyed lot 36 to J. M. Proctor. According to the testimony of J. M. Proctor when he bought lot 36 it was pointed out to him by J. M. Bryant as the lot enclosed in the fence and that the drive which was being used by Dave Barclay was owned by Dave Barclay and that he (J. M. Proctor) never went into possession of the driveway.

J. M. Proctor sold and conveyed lot 36 to the firm of Benson and Padgett on February 8, 1928. They built a house and garage thereon for L. D. Eyster, who occupied the house as a tenant. At that time in 1928 D. E. Barclay asserted his claim to the driveway and required the owners of Lot 36 to place their garage north of the driveway and approximately in line with the old fence dividing the properties. The evidence appears to show that at no time since D. E. Barclay became seized and possessed of the driveway has anyone been privileged to use the driveway except by permission or for a consideration. L. D. Eyster was the first party to occupy the building on lot 36 and he made an agreement with D. E. Barclay to chert and maintain the driveway for the privilege of using it.

J. C. Sanders, Jr., was the immediate predecessor in title of appellants. He purchased in July, 1945. Thereafter he made some claim to the driveway and planned to build a wall. This claim was resisted by J. O. Barclay in behalf of appellee. After looking into the matter J. C. Sanders, Jr., abandoned the claim.

As stated we think that the possession of appellee and her predecessors in title of the driveway for a period of twenty years without recognition of adversary rights "operates an absolute rule of repose." Duke v. Wimberly et al., 245 Ala. 639, 18 So.2d 554, 555; Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409.

It is argued that even if the easement became established the title to the servient tenement and the dominant tenement became merged in one person and the easement destroyed when J. M. Bryant became the owner of both lot 35 and lot 36 in 1919. "It is a familiar principle that if the title in fee to all the parcels of the property be vested in one individual or owner, all rights are merged in the title in fee, terminating subordinate easements or right of user." Pizitz Dry Goods Co. v. Penney, 241 Ala. 602, 4 So.2d 167, 170. The principle contended for is not applicable in the case at bar. Appellee's predecessor in title, D. E. Barclay, purchased the property on December 12, 1925 and since that time appellee and her predecessors in title have been in the actual, open, notorious, continuous and adverse possession of the driveway for more than 20 years. Kidd et al. v. Browne, 200 Ala. 299, 76 So. 65; Authorities supra.

Nor can appellants claim to be bona fide purchasers without notice. The actual possession of appellee and her predecessors in title, as we have described, was sufficient notice to appellants of the claim under which appellee holds. Murray v. Hoyle, 92 Ala. 559, 9 So. 368; Gerald v. Hayes, 205 Ala. 105, 87 So. 351.

The decree of the lower court is affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.