50 So.2d 242

### Ex parte STANLEY et al.

### BARCLAY v. STANLEY et al.

### 8 Div. 579.

Supreme Court of Alabama.

Nov. 24, 1950.

Petition to Amend Denied Feb. 1, 1951.

96

Jas. M. Proctor, of Scottsboro, and H. G. Bailey, of Boaz, for petitioners.

H. O. Weeks, of Scottsboro, for respondent.

FOSTER, Justice.

This is an application to this Court for permission to file a bill of review in the circuit court, in equity, sitting in Jackson County. The decree sought to be reviewed was appealed to this Court and was affirmed, as shown by the report of the case of Stanley v. Barclay, 253 Ala. 650, 46 So. 2d 210.

This petition was filed for a bill of review on two principles: one is for error apparent on the face of the decree of the circuit court, in equity, which was affirmed by this Court; and the other is based upon newly discovered evidence. Both theories of the bill invoke the right to file a bill of review rather than one in the nature of a bill of review. Cunningham v. Wood, 224 Ala. 288, 140 So. 351; McCall v. McCurdy, 69 Ala. 65. Such a bill in this Court is of course inappropriate and is not here sought. Stone v. Vaughn, 232 Ala. 120, 167 So. 297.

Insofar as it seeks relief by reason of the errors apparent on the record, such a bill "does not lie after the decree has been affirmed on appeal. For, if so, the chancellor could reverse the decree of the appellate court." Stallworth v. Blum, 50 Ala. 46. So that the only right which petitioners would have after the appeal, insofar as their petition shows, would be in respect to their claim of newly discovered evidence. If their petition sufficiently shows that they may probably succeed in establishing that claim in accordance with the principles which apply, it would be appropriate for us to grant them

leave to file a bill of review upon the ground of newly discovered evidence only. Louisville & Nashville R. R. Co. v. Mauter, 203 Ala. 237, 82 So. 487; Stuart v. Strickland, 203 Ala. 502, 83 So. 600; Faust v. Ragsdale, 253 Ala. 424, 44 So.2d 580.

In order to sustain such claim it is necessary that petitioners show not only the nature of the newly discovered evidence and the fâct that such evidence would probably cause a different conclusion to be reached, and that it is not merely in the nature of cumulative evidence, but they must also show that they had no notice of the existence of the evidence and could not have discovered it by reasonable effort in order to obtain the benefit of it on the trial. Alexander v. Alexander, 230 Ala. 170, 160 So. 343; McAnally v. Farish, 244 Ala. 598, 14 So.2d 516; Adler v. Van Kirk Land and Const. Co., 114 Ala. 551, 21 So. 490; Todd v. Moore, 205 Ala. 451, 88 So. 447.

The same requirements exist as to motion for a new trial at law on the ground of newly discovered evidence. McCormack Bros. Motor Car Co. v. Arnold, 223 Ala. 504, 137 So. 288; Fries v. Acme White Lead and Color Co., 201 Ala. 613, 79 So. 45; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818; 15 Ala. Dig., New Trial, ⊕99 to 108.

In that connection petitioners allege that they have ascertained some newly discovered evidence which could not have been obtained by them after diligent search upon the trial of said cause, which said newly discovered evidence is very material and will change the aspects of said case. They give the names of the witnesses and a brief statement of what they expect to prove, with no affidavits by the new witnesses.

A demurrer has been addressed to this petition for leave, asserting in some of its grounds a failure to allege the facts upon which such allegations are made and a failure to show what diligence petitioners exercised in order to discover such evidence and why it had not been discovered in time to use it on the trial of the cause, and also the fact that it fails to show wherein such newly discovered evidence would have changed the result declared in the decree.

It is our view that the petition before us is insufficient in respect to both contentions made by the demurrer. It is not shown that the new evidence is any more than cumulative, McDougald v. Dougherty, 39 Ala. 409; Thompson v. Earnest, 228 Ala. 641, 154 So. 797, and is of such nature as would probably change the result reached in the circuit court in equity. It does not show when such evidence was discovered, how it was discovered, or what diligence was used in discovering it and why the same amount of diligence would not have resulted in its discovery prior to the trial of the case in the circuit court. We think, therefore, that the demurrer to the petition should be and it is sustained and petitioners are allowed thirty days in which to amend their petition in this Court.

Demurrer to petition sustained.

LAWSON, SIMPSON and STAKELY, JJ., concur.

### On Resubmission after Petition Amended.

FOSTER, Justice.

Since our opinion and decree rendered on November 24, 1950, sustaining demurrer to this petition and allowing an amendment, petitioner filed an amendment. To it respondent has again demurred but also answered it. Both parties have submitted affidavits.

We think the newly discovered evidence is merely cumulative of the evidence submitted on the issues tried as shown on the appeal and disposed of by us, Stanley v. Barclay, 253 Ala. 650, 46 So.2d 210, and that proper diligence to discover the new testimony is not shown. The petition is therefore denied.

Petition denied.

LIVINGSTON, LAWSON and STAKELY, JJ., concur.